UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, *and all others similarly situated under 29 U.S.C. § 216(b)*, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON, | ) ) ) ) |
| Defendant. | ) ) ) |
| _____ | ) |

**COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS**

Plaintiffs, MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this Complaint against Defendants, AMERICLEAN BUILDING MAINTENANCE, INC., and JAMES S. JOHNSON, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Palm Beach County, Florida at the time that this dispute arose.

3. The Defendant AMERICLEAN BUILDING MAINTENANCE, INC. is a corporation that regularly transacts business within Palm Beach and Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant JAMES S. JOHNSON is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

5. Individual Defendant JAMES S. JOHNSON was so involved in the managerial and financial affairs of Defendant Corporation that, to the extent that he would be liable under the FLSA for any violations of wage law committed by Defendant Corporation, even if the Individual Defendant was not found to be the employer of Plaintiffs.

6. All acts or omissions giving rise to this dispute took place in Palm Beach County.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. Plaintiffs worked for Defendants as cleaners from on or about November 23, 2009 through the present and ongoing.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on

a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, 2012, 2013, and 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

14. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." The applicable federal minimum wage during the period in question is $7.25/hr.

15. From on or about November 23, 2009 through the present and ongoing, Plaintiffs worked an average of 33 hours a week for Defendants.  Plaintiffs were paid an average of $3.65 per hour in violation of the Fair Labor Standards Act, as said payment of $3.65 per hour did not meet the applicable Federal Minimum Wage required for that period of time. Therefore, Plaintiffs claim the difference between their average hourly rate of $3.65 per hour and the applicable minimum wage rate of $7.25 per hour for all hours worked.

16. Defendants paid a monthly check to "Moreira's Cleaning Service" for supposed contract

services.   Defendants fabricated documents to create what appears to be an independent contractor relationship.   This is a farce.   Moeira's Cleaning Service does not exist and was fabricated by Defendants for illicit purposes.   Under this scheme, Defendants intended to avoid the FLSA and taxes by pretending to be paying an independent contractor.   In reality, Plaintiffs were simply employees of Defendants.

17. The Defendant's wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

18. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

[Continued on the Following Page]

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121