UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-22606-CMA

MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, and all others similarly stated under 29 U.S.C. §216(b),

    Plaintiff,

v.

AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

    Defendants, AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

    1.    Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

    2.    Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

    3.    Admitted that AMERICLEAN BUILDING MAINTENANCE, INC. is a corporation that regularly transacts business within Palm Beach and Miami-Dade counties. Denied that the Defendant Corporation "was the FLSA employer" of any of the Plaintiffs.

4.  Admitted that JAMES S. JOHNSON is a corporate officer and/or owner of AMERICLEAN BUILDING MAINTENANCE, INC. All other allegations in this paragraph are denied.

5.  Denied.

6.  Denied that any acts or omissions capable of giving rise to an FLSA dispute took place.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

7.  Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

8.  Admitted.

9.  Denied.

10. Admitted that AMERICLEAN BUILDING MAINTENANCE, INC. has had two or more employees who handled materials or goods that were manufactured outside Florida. Denied that Plaintiffs "worked" for AMERICLEAN BUILDING MAINTENANCE, INC. therefore, all other allegations are denied.

11. Admitted.

12. Admitted as to the relevant time period – 2012, 2013, and 2014.

13. Admitted.

14. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

15. Denied.

16. Admitted that AMERICLEAN BUILDING MAINTENANCE, INC. paid MELBA MOREIRA, once a month, as an independent contractor. All other allegations are denied.

17. Denied.

18. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiff, MELBA MOREIRA, as an independent contractor and not an employee under the FLSA, was not eligible for FLSA protection because the FLSA does not apply to independent contractors. See, *Murray v. Playmaker Servs. LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007).

### Third Affirmative Defense

Plaintiffs' damages, if any, are limited by the relevant statute of limitations of two years.

### Fourth Affirmative Defense

Plaintiffs are not entitled to damages for hours not actually worked during any workweek.

### Fifth Affirmative Defense

Plaintiffs have not met all of the requirements to bring a collective action under the FLSA.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

### Seventh Affirmative Defense

Defendants are entitled to a set-off for all money paid to Plaintiff for work not actually performed by the Plaintiff.

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands to the extent Plaintiffs intentionally colluded with each other and/or with others to defraud the Defendants, or otherwise intentionally did not report hours they worked and now raise these claims after the fact in this lawsuit.

### Ninth Affirmative Defense

Plaintiffs' claims are barred to the extent any uncompensated work done by Plaintiffs is *de minimis*. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Tenth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendant, JAMES S. JOHNSON, is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Eleventh Affirmative Defense

Plaintiffs' alleged damages (if any) are the result of independent actions attributed to them and not the Defendants. Therefore, the Defendants should not be held responsible for those actions.

### Twelfth Affirmative Defense

Plaintiffs, RAUL MOREIRA, RAFAELA LEONOR RUIZ's, alleged damages (if any) are the result of actions attributed to MELBA MOREIRA and not the Defendants. Therefore, the Defendants should not be held responsible for those actions.

### Thirteenth Affirmative Defense

At all material times, the individual Defendant, JAMES S. JOHNSON, was not Plaintiffs' individual employer for FLSA purposes.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 20th day of August, 2015.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendants*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail:  adi@lubellrosen.com
>
>By: *s/Adi Amit*
>    Adi Amit, Esquire
>    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: /s *Adi Amit*
>    Adi Amit, Esquire
>    Florida Bar No: 35257

## SERVICE LIST

*Melba Moreira, et al. v. Americlean Building Maintenance, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-22606-CMA

| | |
|---|---|
| Julia M. Garrett, Esq. | Adi Amit, Esquire |
| Elizabeth O. Hueber, Esq. | LUBELL & ROSEN, LLC |
| J.H. Zidell, Esq. | 200 S. Andrews Ave. |
| J.H. ZIDELL, P.A. | Suite 900 |
| 300 71st Street, Suite 605 | Ft. Lauderdale, Florida 33301 |
| Miami Beach, Florida 33141 | adi@lubellrosen.com |
| jgarrett.jhzidellpa@gmail.com | *Counsel for Defendants* |
| elizabeth.hueber.esq.@gmail.com | |
| ZABOGADO@AOL.COM | |
| *Counsel for Plaintiffs* | |