UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

| | |
|---|---|
| MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, *and all others similarly situated under 29 U.S.C. § 216(b)*, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216**
**MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE VIOLATIONS**
**UNDER FLORIDA STATUTE § 448.110**

Plaintiffs, MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this Complaint against Defendants, AMERICLEAN BUILDING MAINTENANCE, INC., and JAMES S. JOHNSON, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Palm Beach County, Florida at the time that this dispute arose.

3. The Defendant AMERICLEAN BUILDING MAINTENANCE, INC. is a corporation that regularly transacts business within Palm Beach and Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant JAMES S. JOHNSON is a corporate officer and/or owner and/or

manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

5. Individual Defendant JAMES S. JOHNSON was so involved in the managerial and financial affairs of Defendant Corporation that, to the extent that he would be liable under the FLSA for any violations of wage law committed by Defendant Corporation, even if the Individual Defendant was not found to be the employer of Plaintiffs.

6. All acts or omissions giving rise to this dispute took place in Palm Beach County.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. Plaintiffs worked for Defendants as cleaners from on or about November 23, 2009 through the present and ongoing.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate

commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, 2012, 2013, and 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

14. 29 U.S.C. § 206 (a) (1) states "…an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." The applicable federal minimum wage during the period in question is $7.25/hr.

15. From on or about November 23, 2009 through the present and ongoing, Plaintiffs worked an average of 33 hours a week for Defendants. Plaintiffs were paid an average of $3.65 per hour in violation of the Fair Labor Standards Act, as said payment of $3.65 per hour did not meet the applicable Federal Minimum Wage required for that period of time. Therefore, Plaintiffs claim the difference between their average hourly rate of $3.65 per hour and the applicable minimum wage rate of $7.25 per hour for all hours worked.

16. Defendants paid a monthly check to "Moreira's Cleaning Service" for supposed contract services. Defendants fabricated documents to create what appears to be an independent contractor relationship. This is a farce. Moreira's Cleaning Service does not exist and was fabricated by Defendants for illicit purposes. Under this scheme, Defendants intended to avoid the FLSA and taxes by pretending to be paying an independent contractor. In reality, Plaintiffs were simply employees of Defendants.

17. The Defendants' wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements, as Plaintiffs were not paid the required federal minimum wage for all hours worked and are therefore claiming federal minimum wage violations.

18. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act, as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

**WHEREFORE**, Plaintiffs request double damages and reasonable attorney fees from the Defendants, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

**COUNT II. FLORIDA MINIMUM WAGE VIOLATION**

**COME NOW**, Plaintiffs, by and through undersigned counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-18 above and further state:

44. This Court has jurisdiction for Plaintiffs' Florida minimum wage claim under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

45. Florida Statute § 448.110(3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."

46. Florida Statute § 448.110(4)(a) states, in part, "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

47. All conditions precedent pursuant to §448.110 have been met by Plaintiffs to seek their minimum wage claims against the Defendants. On July 16, 2015, Defendants were served with the Complaint and the Florida Minimum Wage Notice.

48. Florida Statute §448.110(6)(b) provides that, upon receipt of the Florida Minimum Wage Notice, "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the

person aggrieved." The 15 calendar days expired on July 31, 2015. However, as of September 10, 2015, the Plaintiffs and the Defendants have not resolved Defendants' Florida Minimum Wage violations.

49. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 24, 2009, the Florida minimum wage defaulted to the Federal minimum wage rate of $7.25/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage increased to $8.05/hr. Florida Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

50. From on or about November 23, 2009 through the present and ongoing, Plaintiffs worked an average of 33 hours per week for Defendants and were paid an average of $3.65 per hour. Plaintiffs were not paid the applicable Florida minimum wage rate as required by the Florida Constitution. Therefore, Plaintiffs claim the difference between their actual pay rate of $3.65 per hour and the applicable minimum wage rate for all hours worked during the above-mentioned period of time.

51. The Defendants' wage payment practices to Plaintiffs for the time period specified above did not meet the Florida minimum wage law requirements, as Plaintiffs were not paid the required Florida minimum wage rate for all hours worked, and are therefore claiming

Florida minimum wage violations.[1]

52. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Florida Constitution and the Fair Labor Standards Act, as Defendants knew of the Florida Minimum Wage requirements of the Florida Constitution and of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the entire periods of employment specified above.

**WHEREFORE**, Plaintiffs request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial, for all minimum wages and business expenses still owing from Plaintiffs' entire period of employment with Defendants, or as much as allowed by the Florida Constitution—whichever is greater—along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

---

[1] To the extent each Plaintiff's claims for Florida minimum wage payments overlap each Plaintiff's claims for Federal minimum wage payments, each Plaintiff claims the higher of the two applicable rates.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121