UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:15-cv-22606-CMA

MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, and all others similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

vs.

AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON,

    Defendant.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, AMERICLEAN BUILDING MAINTENANCE, INC. ("Americlean,") JAMES S. JOHNSON, by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint as follows:

### Jurisdictional Allegations

1. Admitted that Count I of the First Amended Complaint alleges violation of the Fair Labor Standards Act of 1938 ("FLSA").

2. Defendants are without knowledge as to the allegations in this paragraph, but presume them to be true for jurisdiction and venue purposes only.

3. Admitted that Americlean is a corporation that regularly transacts business within Palm Beach and Miami-Dade County. All other allegations are denied.

4. Admitted that James S. Johnson is a corporate officer and/or owner of Americlean. All other allegations are denied.

5. Denied.

6. Denied that any acts or omissions on behalf of Americlean or the individual Defendant took place.

## Count I – Federal Minimum Wage

7. Admitted that this Count alleges a violation of the FLSA – a United States law. Admitted that this count attempts to allege a collective action under the FLSA. All other allegations are denied.

8. Admitted.

9. Admitted that Melba Moreira provided cleaning services for Americlean between the dates stated. Denied that Melba Moreira worked for Americlean at any time. Denied that Raul Moreira and Rafaela Leonor Ruiz worked for Americlean at any time.

10. Denied. Americlean's business was entirely intrastate in nature. It neither provided nor solicited any business outside Florida. Denied that cleaners' work is the type of work typically covered by the FLSA because cleaners are not "regularly and recurrently" engaged in interstate activities.

11. Admitted that Americlean has employed two or more individuals who have handled goods or materials that traveled in interstate commerce.

12. Admitted as to the relevant time period – 2012, 2013, and 2014.

13. Admitted.

14. This paragraph does not contain a factual allegation to which a response is required. The cited statute's language speaks for itself and is the best evidence of its content.

15. Denied.

16. Admitted that AMERICLEAN BUILDING MAINTENANCE, INC. paid MELBA MOREIRA, once a month, as an independent contractor. All other allegations are denied.

17. Denied.

18. Denied.

### Count II – Florida Minimum Wage Violation

For unknown reasons, Plaintiffs' next sequential paragraph is numbered 44 (and omits paragraphs 19-43). Defendants respond to those paragraphs in the correct sequence with reference to each corresponding numbered paragraph used in Plaintiffs' First Amended Complaint.

19. (44) Admitted.

20. (45) This paragraph does not contain a factual allegation to which a response is required. The cited statute's language speaks for itself and is the best evidence of its content.

21. (46) This paragraph does not contain a factual allegation to which a response is required. The cited statute's language speaks for itself and is the best evidence of its content.

22. (47) Plaintiffs are not providing any factual details concerning the "conditions precedent" they allege to have met or support thereto; therefore, denied.

23. (48) The first sentence of this paragraph does not contain a factual allegation to which a response is required. The cited statute's language speaks for itself and is the best evidence of its content. Plaintiffs have not provided any support to the remainder of the allegations in this paragraph. Therefore, they are denied.

24. (49) This paragraph does not contain a factual allegation to which a response is required. The cited statute's language speaks for itself and is the best evidence of its content.

25. (50) Denied.

26. (51) Denied.

27. (52) Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiff, MELBA MOREIRA, as an independent contractor and not an employee under the FLSA, was not eligible for FLSA protection because the FLSA does not apply to independent contractors. See, *Murray v. Playmaker Servs. LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007).

### Third Affirmative Defense

Plaintiffs' damages, if any, are limited by the relevant statute of limitations of two years.

### Fourth Affirmative Defense

Plaintiffs are not entitled to damages for hours not actually worked during any workweek.

### Fifth Affirmative Defense

Plaintiffs have not met all of the requirements to bring a collective action under the FLSA.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they engaged in certain activities that were preliminary or postliminary to their principal activities.

**Seventh Affirmative Defense**

Defendants are entitled to a set-off for all money paid to Plaintiff for work not actually performed by the Plaintiffs.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands to the extent Plaintiffs intentionally colluded with each other and/or with others to defraud the Defendants, or otherwise intentionally did not report hours they worked and now raise these claims after the fact in this lawsuit.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred to the extent any uncompensated work done by Plaintiffs is de minimis. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

**Tenth Affirmative Defense**

To the extent the entity Defendant is found not to be liable, the individual Defendant, JAMES S. JOHNSON, is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

5

**Eleventh Affirmative Defense**

Defendants assert that Plaintiffs' claims (if any) are barred and estopped to the extent that Defendants lacked actual or constructive knowledge of the hours they worked due to inaccurate or misleading information regarding hours worked provided by Plaintiffs. See, *Merriweather v. Latrese & Kevin Enterprises, Inc.*, 2009 U.S. Dist. LEXIS 48974; 2009 WL 1514640 (M.D. Fla. May 28, 2009); *Neuman v. CTRL Systems, Inc.*, No. 2009 WL 4730722 S.D. Fla. Dec. 10, 2009). Under the FLSA, for plaintiffs to recover allegedly uncompensated overtime, they must prove: (1) they worked overtime hours without compensation, and (2) their employer knew, or should have known, of their overtime work. See, *Ekokotu v. Fed. Express Corp.*, 2011 U.S. App. LEXIS 1126, at *23 (11th Cir. Jan. 19, 2011); see also *29 C.F.R. §785.11*.

**Twelfth Affirmative Defense**

Plaintiffs' alleged damages (if any) are the result of independent actions attributed to them and not the Defendants. Therefore, the Defendants should not be held responsible for those actions.

**Thirteenth Affirmative Defense**

Plaintiffs, RAUL MOREIRA, RAFAELA LEONOR RUIZ's, alleged damages (if any) are the result of actions attributed to MELBA MOREIRA and not the Defendants. Therefore, the Defendants should not be held responsible for those actions.

**Fourteenth Affirmative Defense**

At all material times, the individual Defendant, JAMES S. JOHNSON, was not Plaintiffs' individual employer for FLSA purposes.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 27th day of September, 2015.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:    adi@lubellrosen.com
>
> By: *s/Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By:    /s *Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No: 35257

## SERVICE LIST

*Melba Moreira, et al. v. Americlean Building Maintenance, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-22606-CMA

Julia M. Garrett, Esq.
Elizabeth O. Hueber, Esq.
J.H. Zidell, Esq
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
jgarrett.jhzidellpa@gmail.com
elizabeth.hueber.esq.@gmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiffs*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Ft. Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*