## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-22606-CMA

MELBA MOREIRA, RAUL MOREIRA,
RAFAELA LEONOR RUIS, and all others
similarly stated under 29 U.S.C. §216(b),

      Plaintiff,

v.

AMERICLEAN        BUILDING
MAINTENANCE,   INC.,  JAMES  S.
JOHNSON,

      Defendants.

_____/

### NOTICE OF DISCOVERY HEARING BEFORE UNITED STATES MAGISTRATE JUDGE JOHN O'SULLIVAN

PLEASE TAKE NOTICE that a discovery calendar hearing on Plaintiffs' objections Interrogatories to MELBA MOREIRA Nos. 2 and 13 (A copy is attached hereto as Exhibit A); Plaintiffs' objections to Request for Production to MELBA MOREIRA Nos. 4, 17, 18, 19, 20, 21, 23, 24, 26, 31, and 40 (A copy is attached hereto as Exhibit B); Plaintiffs' objections to Interrogatories to RAFAELA LEONOR RUIS No. 2 (A copy is attached hereto as Exhibit C); Plaintiffs' objections to Request for Production to Plaintiff RAFAELA LEONOR RUIS Nos. 3, 11, 13, 14, 18, 21, 23, 24, and 31 (A copy is attached hereto as Exhibit D); Plaintiffs' objections to Interrogatories to RAUL MOREIRA Nos. 2, 13, and 14 (A copy is attached hereto as Exhibit E); and Plaintiffs' objections to Request for Production to RAUL MOREIRA Nos. 4, 5, 23, 24, 26 and 31 (A copy is attached hereto as Exhibit F); is set for Friday, November 13, 2015 at 10:00 a.m., before the Honorable Magistrate Judge John O'Sullivan, 5th Floor, Clyde Adkins United States Courthouse at 301 N. Miami Avenue, Miami, Florida.

Respectfully submitted this 6th day of November, 2015.

## Certificate of Good Faith Conferral Pursuant to L.R. 7.1(a)(3)

The undersigned hereby certifies that on October 23, 2015, Adi Amit conferred with Plaintiff's counsel, Julia Garrett, Esq. by telephone, and that on October 23, 2015 he conferred with Ms. Garrett via email regarding the relief requested herein. Defendants' counsel has complied with S.D.Fla. L.R. 7.1(a)(3) prior to filing this Notice.

Respectfully submitted, this 6th day of November, 2015.

LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:    adi@lubellrosen.com

By: *s/Natalie P. Mescolotto*
     Natalie P. Mescolotto, Esquire
     Florida Bar No. 26721

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6th, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s Natalie P. Mescolotto*
     Natalie P. Mescolotto, Esquire
     Florida Bar No: 26721

2

## SERVICE LIST

***Melba Moreira, et al. v. Americlean Building Maintenance, Inc., et al.***
S.D. Fla. Case No. 1:15-cv-22606-CMA

Julia M. Garrett, Esq.
Elizabeth O. Hueber, Esq.
J.H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
jgarrett.jhzidellpa@gmail.com
elizabeth.hueber.esq.@gmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiffs*

Adi Amit, Esquire
Natalie P. Mescolotto
LUBELL & ROSEN, LLC
200 S Andrews Ave.,Suite 900
Ft. Lauderdale, Florida 33301
adi@lubellrosen.com
npm@lubellrosen.com
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,        )
RAFAELA LEONOR RUIZ, *and all others* )
*similarly situated under 29 U.S.C. § 216(b),* )
                                    )
            Plaintiff,              )
    vs.                             )
                                    )
AMERICLEAN BUILDING                 )
MAINTENANCE, INC., JAMES S.         )
JOHNSON,                            )
                                    )
            Defendant.              )
                                    )

## PLAINTIFF MELBA MOREIRA'S NOTICE OF SERVING RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**COMES NOW**, Plaintiff, MELBA MOREIRA, by and through undersigned counsel, and hereby responds (the "Response") to the above-referenced Interrogatories served on or about August 21, 2015, as follows. Plaintiff's Response in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including, but not limited to, rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, *inter alia*, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including, but not limited to, the Federal Rules of Civil Procedure.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151



## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on September 22, 2015.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiffs*
>
> By: /s/ Julia M. Garrett
> Julia M. Garrett, Esq.
> jgarrett.jhzidellpa@gmail.com
> Florida Bar Number: 0105151

## SERVICE LIST

Adi Amit, Esq.
adi@lubellrosen.com
Lubell & Rosen, LLC
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,  )
RAFAELA LEONOR RUIZ, *and all others*  )
*similarly situated under 29 U.S.C. § 216(b)*,  )
                                            )
                    Plaintiff,              )
        vs.                                 )
                                            )
AMERICLEAN BUILDING                         )
MAINTENANCE, INC.,                          )
JAMES S. JOHNSON,                           )
                                            )
                    Defendant.              )
_____)

## PLAINTIFF MELBA MOREIRA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff, Melba Moreira, hereby files these responses to Defendants' First Set of Interrogatories, as follows:

1.    State your address, telephone number, date of birth, social security number, your full name, including any first name, middle name, hyphenated name, last name, and any variations thereto or any other name you have been known by in the past fifteen (15) years.

**ANSWER: Address: 1617 Olive Tree Circle, Greenacres, Florida 33413. Phone number: (561) 379-0489. DOB: May 8, 1950. SSN: 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. Other names used in past 15 years: none.**

2.    Identify each person with personal knowledge or information concerning the subject matter of the allegations in the Complaint. In your answer, please include the nature and substance of each indentified person's knowledge or information, the address of each identified person, and the telephone number of each identified person.

**ANSWER: James Johnson – c/o Lubell & Rosen, LLC, 200 S. Andrews Ave., suite 900, Ft. Lauderdale, Florida 33301. Knowledge: Plaintiff's job and pay, nature of Defendants' business, annual gross business done by Defendants.**

XMM

**Luis Torres** – current direct supervisor of Plaintiff at Americlean. Knowledge: Plaintiff's job and schedule, tasks performed by Plaintiff and work hours.

**Yesenia Robinson** – current supervisor of Plaintiff at Americlean. Knowledge: Plaintiff's job and pay, schedule, and tasks performed by Plaintiff.

**Bernardo** (last name unknown) – Address: unknown. Phone number: unknown. Knowledge: Plaintiff and co-Plaintiffs were hired together and given orientation to their job by Bernardo. He knows of their job duties and pay.

**Brian** (last name unknown) – works in Ecoplex building as security. Address: unknown. Phone number: unknown. Knowledge: knows of Plaintiff's normal start time and witnesses all Plaintiffs entering building to start working at the beginning of their shift.

**Bob** (last name unknown) – works in Ecoplex building as security. Address: unknown. Phone number: (561) 876-6649. Knowledge: knows of Plaintiff's normal shift end time and witnesses all Plaintiffs leaving the building at the end of their shift.

**Tony** (last name unknown) – works in Ecoplex building as a maintenance supervisor. Address: unknown. Phone number: unknown. Knowledge: witnesses Plaintiff and co-Plaintiffs working together in Ecoplex building.

**Frank** (last name unknown) – owner of Ecoplex building. Address: unknown. Phone number: unknown. Knowledge: witnesses Plaintiff and co-Plaintiffs working together in Ecoplex building.

I am trying to get the missing contact information of the above-listed witnesses and will supplement my response if and when I am able to get more information from these individuals.


3.      State separately for each week between July 10, 2012 and the present, the exact amount of hours and overtime hours worked by you for the benefit of Americlean during each week.

**ANSWER:**    On average, I have worked approximately thirty (30) hours per week for Defendants. Pursuant to *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), I provide my best approximation as to the hours I worked on a weekly basis, as I have no records of hours I worked.



4.      Please describe with specificity your relationship (e.g. family members, friends, etc.) with any of the other two Plaintiffs in this matter.

**ANSWER:**      **Plaintiff Rafaela Leonor Ruiz is my sister. Plaintiff Raul Moreira is my husband.**

5.      Please describe with specificity your job title, job description, and all tasks you performed while working for Americlean.

**ANSWER: Job title: cleaner. Description: performed commercial cleaning. Tasks include, but are not limited to:**

**Regular bathrooms: clean an average of six (6) bathrooms, including: clean toilets, clean sink, clean urinals, mop floor, clean air conditioner vents, re-fill soap, re-fill toilet paper, clean mirrors, clean countertops, clean baseboards, clean bathroom stall walls, replace trash bags and take out trash, replace hygienic toilet seat covers, polish stainless steel handles and other stainless steel parts, replace paper towels.**

**Gym bathroom/locker room: the above-listed bathroom tasks, and additionally: clean and dry walls of bathroom, refill shampoo, conditioner, and body soap in showers, vacuum carpets, scrub floor stains, sweep and mop floors.**

**Gym: wipe down and disinfect all workout machines, wash windows, clean window shades, clean mirrors, sweep and mop floors, vacuum, scrub floor stains.**

**Offices: clean an average of seven (7) offices, including: take out trash and replace trash bags, clean and polish desks, clean chairs, take out recycling, clean windows, vacuum, scrub floor stains, clean window shades, wipe down curtains and bottom of curtains for dust, dust and vacuum conference rooms, sweep and mop kitchen floors, wipe down refrigerators clean tables and chairs, clean countertops and sinks, dust computers and other surfaces, wipe down baseboards.**

**Elevators: clean four (4) elevator walls, floors, handrails, and doors.**

**Lobbies and common areas: wipe down baseboards, vacuum, sweep and mop, clean entryway walls, corners, windows, doors, clear spiders and spiderwebs from entryways, wake out trash, sweep and mop stairs.**

**Parking and outside areas: pick up trash and cigarette butts.**

6.      Please state with specificity the manner in which you were paid by Americlean for services or work you provided to Americlean.

**ANSWER:** I received one check to split amongst me, Rafaela Leonor Ruiz, and Rafael Moreira. Approximately three (3) years ago, Yesenia Robinson began presenting me a "Service Invoice" from "Moreira's Cleaning Service" to me to sign when I received the monthly paycheck, although neither Raul, Rafaela, nor I work for Moreira's Cleaning Service, nor are we paid by Moreira's Cleaning Service. Yesenia Robinson told me that if I didn't sign the paper she presented to me, I wouldn't receive the paycheck. Many of these "service invoices" I signed and returned to Yesenia Robinson, although I didn't know what they were for because she did not explain it to me and I do not read English. Sometimes I kept the "service invoices" and never returned a signed one, and received the paycheck anyway. I would deposit the paycheck in the bank, then split the earnings amongst the three of us.

7.      Identify all documents in your possession that show, establish, prove, or demonstrate that you worked more than forty (40) hours for Americlean in any week between July 10, 2012, and the present.

**ANSWER:   None.**

8.      Please state your hourly rate of pay including any changes thereto (if any) while working for Americlean.

**ANSWER:     My average hourly rate of pay is $3.65 per hour.**

9.      Please list all lawsuits, charge, bankruptcy proceedings,  criminal proceedings, and/or administrative hearings in which you were involved in any capacity (as Plaintiff, Defendants, Witness, Creditor, Debtor, Relator, Complainant, or Respondent) in the ten (10) years preceding the date of your answer to this interrogatory.  In your response, please state the style of the case or matter, the jurisdiction in which it took place, the case or matter number, the dates, the capacity in which you were involved in that matter, and a brief description of the subject matter of the lawsuit or administrative hearing.

**ANSWER: None.**

10.     Identify each and every document, including, without limitation, diaries, notes, memos, letters, charts, and every electronic document, telephone records, or computer program, which

X M M

evidences, or details your schedule of work and actual hours worked during your employment/association with Americlean.

**ANSWER:** **None up until approximately July 2015, where I started signing in and, sometimes, out, of work. That timekeeping system is in Defendants' possession.**

11. List each and every individual and/or entity from which you received remuneration, individually or through any entity in which you have/had any ownership interest, for services you provided, regardless of how long those services were for, between April 1, 2012 and the present. Please include the name, telephone number, and address of any person/entity identified; the name, telephone number, and address of any direct supervisor for each person/entity identified; your rate of pay for your services, and job description/tasks for each person/entity identified.

**ANSWER: Defendants Americlean and James Johnson only.**

12. List each and every bank account, including the bank name, bank account number, and address, in which you had any interest, whether individually or jointly, or through a corporation, between April 1, 2012 and the present.

**ANSWER:** **I have one checking account and one savings account at Chase bank.**

**Checking account number: 192213350.**

**Savings account number: 3008384348.**

13. List each and every individual or entity, which helped you prepare and/or file your individual taxes and/or corporate taxes for any entity in which you had any interest, for the years 2012, 2013, and 2014, including the individual's name, address, and telephone number.

**ANSWER:** **Please refer to my tax preparer's information on my individual tax returns provided in my response to Defendants' First Request for Production of Documents.**

14. Identify, including the full name, telephone number, and address, each and every person or individual from whom you have obtained any affidavit or statement of any kind -- written or otherwise recorded -- to be used in this matter.

**ANSWER:** **None.**

Page **5** of 6



## VERIFICATION PAGE

I, MELBA MOREIRA, have read the foregoing Answers to Interrogatories, or have had them read to me, and do swear that they are true and correct of the best of my knowledge and belief.

_melba moreira_
Signature of Melba Moreira

_Melba Moreira_
Print Name of Melba Moreira

State of FLORIDA      )
                      ) ss:
County of MIAMI-DADE  )

BEFORE ME, the undersigned authority, personally appeared MELBA MOREIRA, who is personally known to me or who has provided _Florida Identification card_ as identification, and who, being duly sworn, upon oath, acknowledges that (s)he signed the foregoing document.

WITNESS my hand and official seal of the state and county last aforesaid this _18th_ day of _September_, 2015.

_Ana M. Bacallao_
Notary Public in and for State of Florida
Printed name: _ANA M. BACALLAO_
My commission expires: _oct. 9th, 2018_

ANA M. BACALLAO
MY COMMISSION # FF 167276
EXPIRES: October 9, 2018
Bonded Thru Notary Public Underwriters

## INTERPRETER'S ACKNOWLEDGEMENT:

On this _18th_ of _September_, 2015, Julia M. Garrett, who is personally known to me, affirmed that the foregoing was translated for the affiant, and that the affiant fully understood and affirmed the contents of the foregoing.

_Interpreter's Signature_

_Ana M. Bacallao_
NOTARY PUBLIC / STAMP

ANA M. BACALLAO
MY COMMISSION # FF 167276
EXPIRES: October 9, 2018
Bonded Thru Notary Public Underwriters

XMM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

| | |
|---|---|
| MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, *and all others similarly situated under 29 U.S.C. § 216(b)*, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON, | ) ) ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF MELBA MOREIRA'S NOTICE OF SERVING RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION

COMES NOW Plaintiff, MELBA MOREIRA, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF, MELBA MOREIRA, propounded on August 21, 2015.

Plaintiff's Responses in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including but not limited to rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, inter alia, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including but not limited to the Federal Rules of Civil Procedure.

In compliance with the foregoing, Plaintiff MELBA MOREIRA produces the following:



Page **1** of **7**

1.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

2.     This request is a duplicate of request number one. Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

3.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

4.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira.

5.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

6.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

7.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

8.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

9.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

10.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

11.    Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

12.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

13.    Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

14.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

15.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

16.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

17.     Other than the documents included herein and in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira, Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

18.     Other than the documents included herein and in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira, Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

19.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira.

20.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira.

21.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira.

22.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

23.     Plaintiff objects to this request as overly broad, unduly burdensome, and overly invasive. Furthermore, the request is not narrowly tailored to the requested evidence or information. Barring a compelling reason offered by Defendants for the specific need for the requested documents that cannot otherwise be discovered in a less broad, burdensome, and invasive manner.

24.     Plaintiff objects to this request as overly broad, unduly burdensome, and overly invasive. Furthermore, the request is not narrowly tailored to the requested evidence or information.

Barring a compelling reason offered by Defendants for the specific need for the requested documents that cannot otherwise be discovered in a less broad, burdensome, and invasive manner.

25.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

26.     Plaintiff is attempting to locate these documents and will supplement her response accordingly.

27.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

28.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

29.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

30.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

31.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira.

32.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

33.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

34.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

35.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

36.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

37.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

38.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

39.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

40.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff RAUL MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Raul Moreira.

41.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

42.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

43.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

44.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

45.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

46.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

47.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

48.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on October 8, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## SERVICE LIST

Adi Amit, Esq.
adi@lubellrosen.com
Lubell & Rosen, LLC
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,  )
RAFAELA LEONOR RUIZ, *and all others*  )
*similarly situated under 29 U.S.C. § 216(b)*,  )
                                              )
                 Plaintiff,                   )
        vs.                                   )
                                              )
AMERICLEAN BUILDING                           )
MAINTENANCE, INC., JAMES S.                   )
JOHNSON,                                      )
                                              )
                 Defendant.                   )
_____)

## PLAINTIFF RAFAELA LEONOR RUIZ'S NOTICE OF SERVING RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**COMES NOW**, Plaintiff, RAFAELA LEONOR RUIZ, by and through undersigned counsel, and hereby responds (the "Response") to the above-referenced Interrogatories served on or about August 21, 2015, as follows. Plaintiff's Response in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including, but not limited to, rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, *inter alia*, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including, but not limited to, the Federal Rules of Civil Procedure.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71ˢᵗ Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151



EXHIBIT
C

## <u>CERTIFICATE OF SERVICE:</u>

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on September 22, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## <u>SERVICE LIST</u>

Adi Amit, Esq.
adi@lubellrosen.com
Lubell & Rosen, LLC
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,        )
RAFAELA LEONOR RUIZ, *and all others* )
*similarly situated under 29 U.S.C. § 216(b)*, )
                                    )
              Plaintiff,            )
      vs.                           )
                                    )
AMERICLEAN BUILDING                 )
MAINTENANCE, INC.,                  )
JAMES S. JOHNSON,                   )
                                    )
              Defendant.            )
_____)

## PLAINTIFF RAFAELA LEONOR RUIZ'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff, Rafaela Leonor Ruiz, hereby files these responses to Defendants' First Set of Interrogatories, as follows:

1.      State your address, telephone number, date of birth, social security number, your full name, including any first name, middle name, hyphenated name, last name, and any variations thereto or any other name you have been known by in the past fifteen (15) years.

**ANSWER: Address: 1617 Olive Tree Circle, Greenacres, Florida 33413. Phone number: (561) 379-0489. DOB: October 8, 1945.  SSN: none. Other names used in past 15 years: none.**

2.      Identify each person with personal knowledge or information concerning the subject matter of the allegations in the Complaint. In your answer, please include the nature and substance of each indentified person's knowledge or information, the address of each identified person, and the telephone number of each identified person.

**ANSWER: James Johnson – c/o Lubell & Rosen, LLC, 200 S. Andrews Ave., suite 900, Ft. Lauderdale, Florida 33301. Knowledge: Plaintiff's job and pay, nature of Defendants' business, annual gross business done by Defendants.**



Page **1** of 6

**Luis Torres** – current direct supervisor of Plaintiff at Americlean. Knowledge: Plaintiff's job and schedule, tasks performed by Plaintiff and work hours.

**Yesenia Robinson** – current supervisor of Plaintiff at Americlean. Knowledge: Plaintiff's job and pay, schedule, and tasks performed by Plaintiff.

**Bernardo (last name unknown)** – Address: unknown. Phone number: unknown. Knowledge: Plaintiff and co-Plaintiffs were hired together and given orientation to their job by Bernardo. He knows of their job duties and pay.

**Brian (last name unknown)** – works in Ecoplex building as security. Address: unknown. Phone number: unknown. Knowledge: knows of Plaintiff's normal start time and witnesses all Plaintiffs entering building to start working at the beginning of their shift.

**Bob (last name unknown)** – works in Ecoplex building as security. Address: unknown. Phone number: (561) 876-6649. Knowledge: knows of Plaintiff's normal shift end time and witnesses all Plaintiffs leaving the building at the end of their shift.

**Tony (last name unknown)** – works in Ecoplex building as a maintenance supervisor. Address: unknown. Phone number: unknown. Knowledge: witnesses Plaintiff and co-Plaintiffs working together in Ecoplex building.

**Frank (last name unknown)** – owner of Ecoplex building. Address: unknown. Phone number: unknown. Knowledge: witnesses Plaintiff and co-Plaintiffs working together in Ecoplex building.

**I am trying to get the missing contact information of the above-listed witnesses and will supplement my response if and when I am able to get more information from these individuals.**

3.     Please describe with specificity your relationship (e.g. family members, friends, etc.) with any of the other two Plaintiffs in this matter.

**ANSWER:**   Plaintiff Melba Moreira is my sister. Plaintiff Raul Moreira is my brother-in-law.

4.     State separately for each week between July 10, 2012 and the present, the exact amount of hours and overtime hours worked by you for the benefit of Americlean during each week.

**ANSWER:**   On average, I have worked approximately thirty (30) hours per week for Defendants. Pursuant to *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), I

provide my best approximation as to the hours I worked on a weekly basis, as I have no records of hours I worked.

5.    Please describe with specificity your job title, job description, and all tasks you performed while working for Americlean.

**ANSWER:** Job title: cleaner. Description: performed commercial cleaning. Tasks include, but are not limited to:

Regular bathrooms: clean an average of six (6) bathrooms, including: clean toilets, clean sink, clean urinals, mop floor, clean air conditioner vents, re-fill soap, re-fill toilet paper, clean mirrors, clean countertops, clean baseboards, clean bathroom stall walls, replace trash bags and take out trash, replace hygienic toilet seat covers, polish stainless steel handles and other stainless steel parts, replace paper towels.

Gym bathroom/locker room: the above-listed bathroom tasks, and additionally: clean and dry walls of bathroom, refill shampoo, conditioner, and body soap in showers, vacuum carpets, scrub floor stains, sweep and mop floors.

Gym: wipe down and disinfect all workout machines, wash windows, clean window shades, clean mirrors, sweep and mop floors, vacuum, scrub floor stains.

Offices: clean an average of seven (7) offices, including: take out trash and replace trash bags, clean and polish desks, clean chairs, take out recycling, clean windows, vacuum, scrub floor stains, clean window shades, wipe down curtains and bottom of curtains for dust, dust and vacuum conference rooms, sweep and mop kitchen floors, wipe down refrigerators clean tables and chairs, clean countertops and sinks, dust computers and other surfaces, wipe down baseboards.

Elevators: clean four (4) elevator walls, floors, handrails, and doors.

Lobbies and common areas: wipe down baseboards, vacuum, sweep and mop, clean entryway walls, corners, windows, doors, clear spiders and spiderwebs from entryways, wake out trash, sweep and mop stairs.

Parking and outside areas: pick up trash and cigarette butts.

6.    Please state with specificity the manner in which you were paid by Americlean for services or work you provided to Americlean.

**ANSWER:** Plaintiff Melba Moreira received one check in her name to be split amongst Melba, Rafael Moreira, and me. Approximately three (3) years ago, Yesenia Robinson



began presenting Melba a "Service Invoice" from "Moreira's Cleaning Service" to her to sign when Melba received the monthly paycheck, although neither Melba, Raul, nor I work for Moreira's Cleaning Service, nor are we paid by Moreira's Cleaning Service.

7.    Identify all documents in your possession that show, establish, prove, or demonstrate that you worked more than forty (40) hours for Americlean in any week between July 10, 2012, and the present.

**ANSWER:    None.**

8.    Please state your hourly rate of pay including any changes thereto (if any) while working for Americlean.

**ANSWER:    My average hourly rate of pay is $3.65 per hour.**

9.    Please list all lawsuits, charge, bankruptcy proceedings,  criminal proceedings, and/or administrative hearings in which you were involved in any capacity (as Plaintiff, Defendants, Witness, Creditor, Debtor, Relator, Complainant, or Respondent) in the ten (10) years preceding the date of your answer to this interrogatory.  In your response, please state the style of the case or matter, the jurisdiction in which it took place, the case or matter number, the dates, the capacity in which you were involved in that matter, and a brief description of the subject matter of the lawsuit or administrative hearing.

**ANSWER:    None.**

10.    Identify each and every document, including, without limitation, diaries, notes, memos, letters, charts, and every electronic document, telephone records, or computer program, which evidences, or details your schedule of work and actual hours worked during your employment/association with Americlean.

**ANSWER:    None up until approximately July 2015, where I started signing in and, sometimes, out, of work. That timekeeping system is in Defendants' possession.**

11.    List each and every individual and/or entity from which you received remuneration, individually or through any entity in which you have/had any ownership interest, for services you provided, regardless of how long those services were for, between April 1, 2012 and the



present. Please include the name, telephone number, and address of any person/entity identified; the name, telephone number, and address of any direct supervisor for each person/entity identified; your rate of pay for your services, and job description/tasks for each person/entity identified.

**ANSWER: Defendants Americlean and James Johnson only.**

12.     List each and every bank account, including the bank name, bank account number, and address, in which you had any interest, whether individually or jointly, or through a corporation, between April 1, 2012 and the present.

**ANSWER:     I have no bank accounts.**

13.     List each and every individual or entity, which helped you prepare and/or file your individual taxes and/or corporate taxes for any entity in which you had any interest, for the years 2012, 2013, and 2014, including the individual's name, address, and telephone number.

**ANSWER:     None.**

14.     Identify, including the full name, telephone number, and address, each and every person or individual from whom you have obtained any affidavit or statement of any kind – written or otherwise recorded – to be used in this matter.

**ANSWER:     None.**



## VERIFICATION PAGE

I, RAFAELA LEONOR RUIZ, have read the foregoing Answers to Interrogatories, or have had them read to me, and do swear that they are true and correct of the best of my knowledge and belief.

_Reinaldo Leonor Ruiz_
Signature of Rafaela Leonor Ruiz

_RAFAELEONOR RUIZ_
Print Name of Rafaela Leonor Ruiz

State of FLORIDA          )
                          ) ss:
County of MIAMI-DADE      )

BEFORE ME, the undersigned authority, personally appeared RAFAELA LEONOR RUIZ, who is personally known to me or who has provided _Photo identification_ as identification, and who, being duly sworn, upon oath, acknowledges that (s)he signed the foregoing document.

WITNESS my hand and official seal of the state and county last aforesaid this _16th_ day of _September_, 2015.

> ANA M. BACALLAO
> MY COMMISSION # FF 167276
> EXPIRES: October 9, 2018
> Bonded Thru Notary Public Underwriters

_Ana Bacallao_
Notary Public in and for State of Florida
Printed name:
My commission expires:

## INTERPRETER'S ACKNOWLEDGEMENT:

On this _18th_ of _September_, 2015, <u>Julia M. Garrett</u>, who is personally known to me, affirmed that the foregoing was translated for the affiant, and that the affiant fully understood and affirmed the contents of the foregoing.

_Garrett_
Interpreter's Signature

_Ana M. Bacallao_
NOTARY PUBLIC / STAMP

Page **6** of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,    )
RAFAELA LEONOR RUIZ, *and all others*    )
*similarly situated under 29 U.S.C. § 216(b)*,    )
                                                  )
                    Plaintiff,    )
                                  )
        vs.    )
               )
AMERICLEAN BUILDING    )
MAINTENANCE, INC.,    )
JAMES S. JOHNSON,    )
                     )
            Defendant.    )
_____)

## PLAINTIFF RAFAELA LEONOR RUIZ'S NOTICE OF SERVING RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION

COMES NOW Plaintiff, RAFAELA LEONOR RUIZ, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF, RAFAELA LEONOR RUIZ, propounded on August 21, 2015.

Plaintiff's Responses in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including but not limited to rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, inter alia, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including but not limited to the Federal Rules of Civil Procedure.

In compliance with the foregoing, Plaintiff RAFAELA LEONOR RUIZ produces the following:

Page **1** of **5**


EXHIBIT
D

1.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

2.      This request is a duplicate of request number one. Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

3.      Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

4.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

5.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

6.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

7.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

8.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

9.      Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

10.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

11.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

12.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

13.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

14.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

15.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

16.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

17.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

18.     Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

19.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

20.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

21.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

22.     Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

23.     Plaintiff objects to this request as overly broad, unduly burdensome, and overly invasive. Furthermore, the request is not narrowly tailored to the requested evidence or information. Barring a compelling reason offered by Defendants for the specific need for the requested documents that cannot otherwise be discovered in a less broad, burdensome, and invasive manner.

24.     Plaintiff objects to this request as overly broad, unduly burdensome, and overly invasive. Furthermore, the request is not narrowly tailored to the requested evidence or information. Barring a compelling reason offered by Defendants for the specific need for the requested documents that cannot otherwise be discovered in a less broad, burdensome, and invasive manner.

25.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

26.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

27.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

28.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

29.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

30.    Plaintiff does not have any documents responsive to this request in her possession, care, custody, or control.

31.    Any and all documents responsive to this request in Plaintiff's possession, care, custody, or control are provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on October 8, 2015.

> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiffs*
>
> By: /s/ Julia M. Garrett
> Julia M. Garrett, Esq.
> jgarrett.jhzidellpa@gmail.com
> Florida Bar Number: 0105151

## SERVICE LIST

Adi Amit, Esq.
adi@lubellrosen.com
Lubell & Rosen, LLC
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,  )
RAFAELA LEONOR RUIZ, *and all others*  )
*similarly situated under 29 U.S.C. § 216(b)*,  )
                                  )
             Plaintiff,  )
      vs.  )
                                    )
AMERICLEAN BUILDING  )
MAINTENANCE, INC., JAMES S.  )
JOHNSON,  )
                                  )
            Defendant.  )
                                  )

## **PLAINTIFF RAUL MOREIRA'S NOTICE OF SERVING RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

**COMES NOW**, Plaintiff, RAUL MOREIRA, by and through undersigned counsel, and hereby responds (the "Response") to the above-referenced Interrogatories served on or about August 21, 2015, as follows. Plaintiff's Response in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including, but not limited to, rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, *inter alia,* work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including, but not limited to, the Federal Rules of Civil Procedure.

                          Respectfully Submitted,

                          J.H. Zidell, P.A.
                          300 71st Street, Suite 605
                          Miami Beach, Florida 33141
                          Tel: (305) 865-6766
                          Fax: (305) 865-7167
                          *Attorneys for Plaintiffs*

                          By: /s/ Julia M. Garrett
                          Julia M. Garrett, Esq.
                          jgarrett.jhzidellpa@gmail.com
                          Florida Bar Number: 0105151



EXHIBIT
E

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on September 22, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## SERVICE LIST

Adi Amit, Esq.
adi@lubellrosen.com
Lubell & Rosen, LLC
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA, )
RAFAELA LEONOR RUIZ, *and all others* )
*similarly situated under 29 U.S.C. § 216(b)*, )
)
)
Plaintiff, )
vs. )
)
AMERICLEAN BUILDING )
MAINTENANCE, INC., )
JAMES S. JOHNSON, )
)
Defendant. )
)

## PLAINTIFF RAUL MOREIRA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff, Raul Moreira, hereby files these responses to Defendants' First Set of Interrogatories, as follows:

1.      State your address, telephone number, date of birth, social security number, your full name, including any first name, middle name, hyphenated name, last name, and any variations thereto or any other name you have been known by in the past fifteen (15) years.

**ANSWER: Address: 1617 Olive Tree Circle, Greenacres, Florida 33413. Phone number: (561) 379-0489. DOB: December 10, 1957. SSN: 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. Other names used in past 15 years: none.**

2.      Identify each person with personal knowledge or information concerning the subject matter of the allegations in the Complaint. In your answer, please include the nature and substance of each indentified person's knowledge or information, the address of each identified person, and the telephone number of each identified person.

**ANSWER: James Johnson – c/o Lubell & Rosen, LLC, 200 S. Andrews Ave., suite 900, Ft. Lauderdale, Florida 33301. Knowledge: Plaintiff's job and pay, nature of Defendants' business, annual gross business done by Defendants.**

Page **1** of 7



**Luis Torres** – current direct supervisor of Plaintiff at Americlean. Knowledge: Plaintiff's job and schedule, tasks performed by Plaintiff and work hours.

**Yesenia Robinson** – current supervisor of Plaintiff at Americlean. Knowledge: Plaintiff's job and pay, schedule, and tasks performed by Plaintiff.

**Bernardo** (last name unknown) – Address: unknown. Phone number: unknown. Knowledge: Plaintiff and co-Plaintiffs were hired together and given orientation to their job by Bernardo. He knows of their job duties and pay.

**Brian** (last name unknown) – works in Ecoplex building as security. Address: unknown. Phone number: unknown. Knowledge: knows of Plaintiff's normal start time and witnesses all Plaintiffs entering building to start working at the beginning of their shift.

**Bob** (last name unknown) – works in Ecoplex building as security. Address: unknown. Phone number: (561) 876-6649. Knowledge: knows of Plaintiff's normal shift end time and witnesses all Plaintiffs leaving the building at the end of their shift.

**Tony** (last name unknown) – works in Ecoplex building as a maintenance supervisor. Address: unknown. Phone number: unknown. Knowledge: witnesses Plaintiff and co-Plaintiffs working together in Ecoplex building.

**Frank** (last name unknown) – owner of Ecoplex building. Address: unknown. Phone number: unknown. Knowledge: witnesses Plaintiff and co-Plaintiffs working together in Ecoplex building.

I am trying to get the missing contact information of the above-listed witnesses and will supplement my response if and when I am able to get more information from these individuals.

3.      State separately for each week between July 10, 2012 and the present, the exact amount of hours and overtime hours worked by you for the benefit of Americlean during each week.

**ANSWER:**   On average, I have worked approximately thirty (30) hours per week for Defendants. Pursuant to *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), I provide my best approximation as to the hours I worked on a weekly basis, as I have no records of hours I worked.



4.    Please describe with specificity your relationship (e.g. family members, friends, etc.) with any of the other two Plaintiffs in this matter.

**ANSWER:**    **Plaintiff Melba Moreira is my wife. Plaintiff Rafaela Leonor Ruiz is my sister-in-law.**

5.    Please describe with specificity your job title, job description, and all tasks you performed while working for Americlean.

**ANSWER: Job title: cleaner. Description: performed commercial cleaning. Tasks include, but are not limited to:**

**Regular bathrooms: clean an average of six (6) bathrooms, including: clean toilets, clean sink, clean urinals, mop floor, clean air conditioner vents, re-fill soap, re-fill toilet paper, clean mirrors, clean countertops, clean baseboards, clean bathroom stall walls, replace trash bags and take out trash, replace hygienic toilet seat covers, polish stainless steel handles and other stainless steel parts, replace paper towels.**

**Gym bathroom/locker room: the above-listed bathroom tasks, and additionally: clean and dry walls of bathroom, refill shampoo, conditioner, and body soap in showers, vacuum carpets, scrub floor stains, sweep and mop floors.**

**Gym: wipe down and disinfect all workout machines, wash windows, clean window shades, clean mirrors, sweep and mop floors, vacuum, scrub floor stains.**

**Offices: clean an average of seven (7) offices, including: take out trash and replace trash bags, clean and polish desks, clean chairs, take out recycling, clean windows, vacuum, scrub floor stains, clean window shades, wipe down curtains and bottom of curtains for dust, dust and vacuum conference rooms, sweep and mop kitchen floors, wipe down refrigerators clean tables and chairs, clean countertops and sinks, dust computers and other surfaces, wipe down baseboards.**

**Elevators: clean four (4) elevator walls, floors, handrails, and doors.**

**Lobbies and common areas: wipe down baseboards, vacuum, sweep and mop, clean entryway walls, corners, windows, doors, clear spiders and spiderwebs from entryways, wake out trash, sweep and mop stairs.**

**Parking and outside areas: pick up trash and cigarette butts.**

X R M.

6.     Please state with specificity the manner in which you were paid by Americlean for services or work you provided to Americlean.

**ANSWER: Plaintiff Melba Moreira received one check in her name to be split amongst Melba, Rafaela Leonor Ruiz, and me. Approximately three (3) years ago, Yesenia Robinson began presenting Melba a "Service Invoice" from "Moreira's Cleaning Service" to her to sign when Melba received the monthly paycheck, although neither Melba, Rafaela, nor I work for Moreira's Cleaning Service, nor are we paid by Moreira's Cleaning Service.**

7.     Please describe with specificity the manner in which you reported your time worked each week for services or work you provided to Americlean.

**ANSWER:   None up until approximately July 2015, where I started signing in and, sometimes, out, of work. That timekeeping system is in Defendants' possession.**

8.     Identify all documents in your possession that show, establish, prove, or demonstrate that you worked more than forty (40) hours for Americlean in any week between July 10, 2012, and the present.

**ANSWER:   None.**

9.     Please state your hourly rate of pay including any changes thereto (if any) while working for Americlean.

**ANSWER:   My average hourly rate of pay is $3.65 per hour.**

10.     Please list all lawsuits, charge, bankruptcy proceedings, criminal proceedings, and/or administrative hearings in which you were involved in any capacity (as Plaintiff, Defendants, Witness, Creditor, Debtor, Relator, Complainant, or Respondent) in the ten (10) years preceding the date of your answer to this interrogatory. In your response, please state the style of the case or matter, the jurisdiction in which it took place, the case or matter number, the dates, the capacity in which you were involved in that matter, and a brief description of the subject matter of the lawsuit or administrative hearing.

**ANSWER:   None.**

X R M.

11.     Identify each and every document, including, without limitation, diaries, notes, memos, letters, charts, and every electronic document, telephone records, or computer program, which evidences, or details your schedule of work and actual hours worked during your employment/association with Americlean.

**ANSWER:   None up until approximately July 2015, where I started signing in and, sometimes, out, of work. That timekeeping system is in Defendants' possession.**

12.     List each and every individual and/or entity from which you received remuneration, individually or through any entity in which you have/had any ownership interest, for services you provided, regardless of how long those services were for, between April 1, 2012 and the present. Please include the name, telephone number, and address of any person/entity identified; the name, telephone number, and address of any direct supervisor for each person/entity identified; your rate of pay for your services, and job description/tasks for each person/entity identified.

**ANSWER: Defendants Americlean and James Johnson;**

**Reflections of Boca Del Mar. Start date: In or around 2009 or 2010. Telephone number: (561) 750-0881. Supervisor: Janine (or Jeannine, Jeneane, etc.) last name unsure, but may be Howard. Address: 5500 Pacific Boulevard, Boca Raton, Florida 33433. Rate of pay per hour: $11.60. Job description: general maintenance man including but not limited to maintaining outdoor and indoor cleanliness, performing pressure cleaning, picking up trash and emptying trash cans of common areas, sweeping and maintaining cleanliness of pool area.**

13.     List each and every bank account, including the bank name, bank account number, and address, in which you had any interest, whether individually or jointly, or through a corporation, between April 1, 2012 and the present.

**ANSWER:   I have one checking account at Wells Fargo bank. I have the debit card number for the account, which is: 4737 0299 4601 1880.**

14.     List each and every individual or entity, which helped you prepare and/or file your individual taxes and/or corporate taxes for any entity in which you had any interest, for the years 2012, 2013, and 2014, including the individual's name, address, and telephone number.

**ANSWER:   Please refer to my tax preparer's information on my individual tax returns provided in my response to Defendants' First Request for Production of Documents.**



15.     Identify, including the full name, telephone number, and address, each and every person or individual from whom you have obtained any affidavit or statement of any kind – written or otherwise recorded – to be used in this matter.

**ANSWER:**     None.

X R M.

## VERIFICATION PAGE

I, RAUL MOREIRA, have read the foregoing Answers to Interrogatories, or have had them read to me, and do swear that they are true and correct of the best of my knowledge and belief.

_____
Signature of Raul Moreira

_____
Print Name of Raul Moreira

State of FLORIDA                     )
                                     ) ss:
County of  MIAMI-DADE                )

BEFORE ME, the undersigned authority, personally appeared RAUL MOREIRA, who is personally known to me or who has provided ___Driver license___ as identification, and who, being duly sworn, upon oath, acknowledges that (s)he signed the foregoing document.

WITNESS my hand and official seal of the state and county last aforesaid this __18th__ day of __September__, 2015.

_____
Notary Public in and for State of Florida
Printed name:
My commission expires:

ANA M. BACALLAO
MY COMMISSION # FF 167276
EXPIRES: October 9, 2018
Bonded Thru Notary Public Underwriters

### INTERPRETER'S ACKNOWLEDGEMENT:

On this 18th of __September__, 2015, Julia M. Garrett, who is personally known to me, affirmed that the foregoing was translated for the affiant, and that the affiant fully understood and affirmed the contents of the foregoing.

_____
Interpreter's Signature

_____
NOTARY PUBLIC / STAMP

ANA M. BACALLAO
MY COMMISSION # FF 167276
EXPIRES: October 9, 2018
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22606-CIV-ALTONAGA/O'Sullivan

MELBA MOREIRA, RAUL MOREIRA,                    )
RAFAELA LEONOR RUIZ, *and all others*           )
*similarly situated under 29 U.S.C. § 216(b)*,  )
                                                )
                 Plaintiff,                     )
        vs.                                     )
                                                )
AMERICLEAN BUILDING                             )
MAINTENANCE, INC.,                              )
JAMES S. JOHNSON,                               )
                                                )
                 Defendant.                     )
                                                )

---

## PLAINTIFF RAUL MOREIRA'S NOTICE OF SERVING RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION

COMES NOW Plaintiff, RAUL MOREIRA, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF, RAUL MOREIRA, propounded on August 21, 2015.

Plaintiff's Responses in no way waives (but rather reserves) any rights that Plaintiff may have pursuant to the Federal Rules of Civil Procedure, including but not limited to rights concerning objections and other discovery procedures. Any responses herein do not waive, but rather reserve, any privileges (including, inter alia, work product, confidentiality and privacy) retained by Plaintiff pursuant to federal law, including but not limited to the Federal Rules of Civil Procedure.

In compliance with the foregoing, Plaintiff RAUL MOREIRA produces the following:



Page **1** of 7

1.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

2.    This request is a duplicate of request number one. Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

3.    See paystubs provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

4.    Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

5.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

6.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

7.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

8.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

9.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

10.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

11.    See paystubs provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

12.    Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

13.    See paystubs and copies of documents titled "Service Invoice" provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

14.     See copies of documents titled "Service Invoice" provided in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira.

15.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

16.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

17.     Other than the documents included herein and in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira, Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

18.     Other than the documents included herein and in Plaintiff MELBA MOREIRA's Response to Defendants' First Request for Production of Documents to Plaintiff Melba Moreira, Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

19.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

20.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

21.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

22.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

23.     Plaintiff objects to this request as overly broad, unduly burdensome, and overly invasive. Furthermore, the request is not narrowly tailored to the requested evidence or information. Barring a compelling reason offered by Defendants for the specific need for the requested documents that cannot otherwise be discovered in a less broad, burdensome, and invasive manner.

24.     Plaintiff objects to this request as overly broad, unduly burdensome, and overly invasive. Furthermore, the request is not narrowly tailored to the requested evidence or information. Barring a compelling reason offered by Defendants for the specific need for the requested

documents that cannot otherwise be discovered in a less broad, burdensome, and invasive manner.

25.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

26.     Plaintiff is attempting to locate these documents and will supplement his response accordingly.

27.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

28.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

29.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

30.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

31.     Plaintiff is attempting to locate these documents and will supplement his response accordingly.

32.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

33.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

34.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

35.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

36.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

37.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

38.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

39.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

40.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

41.     Any and all documents in Plaintiff's possession, care, custody, or control are attached here.

42.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

43.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

44.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

45.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

46.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

47.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

48.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

49.     Plaintiff does not have any documents responsive to this request in his possession, care, custody, or control.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via email to all counsel or parties of record in the Service List below on October 8, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiffs*

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 0105151

## SERVICE LIST

Adi Amit, Esq.
adi@lubellrosen.com
Lubell & Rosen, LLC
200 S. Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
*Attorney for Defendants*