UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-22606-CMA

MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, and all others similarly stated under 29 U.S.C. §216(b),

    Plaintiff,

v.

AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON,

    Defendants.
_____/

### DEFENDANT, JAMES S. JOHNSON'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, JAMES S. JOHNSON, by and through undersigned counsel, hereby files his Motion for Summary Judgment and states as follows:

### SUMMARY OF MOTION

The individual Defendant, James S. Johnson, is entitled to judgment as a matter of law, because the overwhelming evidence in the case shows that he was not, in his individual capacity, an "employer" of Plaintiffs for FLSA purposes.

### Statement of Material Undisputed Facts

Defendant, pursuant to Fed. R. Civ. P. 56 and to S.D. Fla. L.R. 56.1(a), hereby submits his Statement of Material Undisputed Facts to which the Defendant contends there are no genuine issues to be tried:

1

1. Americlean Building Maintenance, Inc. ("Americlean") is a commercial cleaning company that provides services for office buildings in South Florida. See, Declaration of James S. Johnson – *Exhibit A*.

2. Melba Moreira is a cleaner with Americlean. See, Melba Moreira's Deposition Transcript – *Exhibit B*, 15:5-7

3. She works no more than 30 hours per week. See, Melba Moreira's Deposition Transcript – *Exhibit B*, 30:11-12.

4. She has worked at the present location, Ecoplex, for five years. See, Melba Moreira's Deposition Transcript – *Exhibit B*, 24:2-7; 42:17-18; 44:10-12.

5. Ms. Moreira is paid by check, monthly. See, Melba Moreira's Deposition Transcript – *Exhibit B*, 10:20-22; 74:19 – 75:4.; See also sample checks – *Exhibit C*.

6. Ms. Moreira paid her husband, Raul Moreira and her sister, Rafaela Ruiz from her bank account. See, Melba Moreira's Deposition Transcript – *Exhibit B*, 85:14 – 86:1.

7. Neither Raul Moreira not Rafaela Ruiz ever sought employment from Americlean. See, Melba Moreira's Deposition Transcript – *Exhibit B*, 84:7-12.

8. James S. Johnson, the individual Defendant, is the owner of Americlean. See, Declaration of James S. Johnson – *Exhibit A*. He has signatory authority on Americlean's accounts. See, Declaration of James S. Johnson – *Exhibit A*.

9. Patrick Arreaga is the General Manager of Americlean. See, Declaration of James S. Johnson – *Exhibit A*; See also, Melba Moreira's Deposition Transcript – *Exhibit B*, 21:20 – 22:4.

10. James S. Johnson does not run the day to day operations of Americlean. See, Declaration of James S. Johnson – *Exhibit A.*

11. James S. Johnson does not determine employee schedules or pay; does not hire, fire, train, oversee, or discipline employees. Patrick Arreaga does. See, Declaration of James S. Johnson – **Exhibit A**; See also, Melba Moreira's Deposition Transcript – **Exhibit B**, 22:5 – 23:8. See, Raul Moreira's Deposition Transcript – **Exhibit D**, 89:13 – 90:7

12. Patrick Arreaga hired Melba Moreira. See, Raul Moreira's Deposition Transcript – **Exhibit D**, 56:25 – 57:2

13. Ms. Moreira was also supervised by Louis Torres and Yesenia Robinson. See, Melba Moreira's Deposition Transcript – **Exhibit B**, 19:22 – 20:8.

14. James S. Johnson never communicated with Melba Moreira. See, Raul Moreira's Deposition Transcript – **Exhibit D**, 56:21-24. She communicated about all aspects of her work with Patrick Arreaga. See, Raul Moreira's Deposition Transcript – **Exhibit D**, 57:17-25.

15. James S. Johnson does not address complaints and client issues for Americlean. Patrick Arreaga does. See, Declaration of James S. Johnson – **Exhibit A**

## Legal Argument

### I. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See, *Fed. R. Civ. P. 56(c)*. The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. See, Gregory v. Quality Removal, Inc., 2014 U.S. Dist. LEXIS 154293, *8 (S.D. Fla. Oct. 29, 2014) (citing *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008)). Despite the presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned

by an unnecessary trial. See, *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347 (S.D. Fla. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986)). Consequently, once the initial burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" See, *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *8 (citing *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009)).

"Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor." See, *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *8 (citing *Shiver*, 549 F.3d at 1343). "The mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." See, *Johnson v. Bd. of Regents*, 263 F.3d 1234 (11th Cir. Ga. 2001). Likewise, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment -- there must be no genuine issue of material fact. See, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). An issue is not genuine if it is unsupported by the evidence or created by evidence that is "merely colorable" or not "significantly probative." *Id*. at 249-50. Similarly, a fact is considered material only if it is identified by the substantive law as an essential element of the non-moving party's case. *Id*. at 248. "[U]nless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party, "summary judgment shall be rendered. *Id*. at 249. Stated differently, "[w]here the record taken as a while could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." See, *Matsushita*, Id. at 587.

4

## II.     The Individual Defendant Was Not Plaintiffs' "Employer" for FLSA Purposes

An individual, "cannot be held individually liable for violating the overtime provision of the FLSA unless he is an 'employer' within the meaning of the Act. See, *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. Fla. 2008) (citing 29 U.S.C. §207(a)(1); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984)). "Section 203 broadly defines an employer as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Id*. (citing 29 U.S.C. § 203(d)). "Whether an individual falls within this definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" *Id*. (citing *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id*. (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)). However, the Eleventh Circuit has also made clear that in order to qualify as an employer for this purpose, an officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id*. (citing *Patel*, 803 F.2d at 638) an individual is not an "employer" for FLSA purposes when the individual does not "have operational control of significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." *Id*. (citing *Patel*, 803 F.2d at 638; *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 263 (8th Cir. 1963). Having the ability to control day-to-day operations with respect to employees is not sufficient; the individual need to actually exercise such control in order to be liable. See, *Wirtz*, 322 F.2d at 262 ("There is little question from the record but what Thompson as the majority stockholder and dominant personality in Pure Ice Company, Inc., could have taken over

5

and supervised the relationship between the corporation and its employees had he decided to do so. A careful reading of the record, however, indicates that he did not do so.")

Turning to the facts in this case, as admitted by the Plaintiffs, James Johnson, the individual Defendant had absolutely no interaction with them – he did not hire any of them, he did not train hire any of them, he did not set employees' pay, he did not set employees' schedule, and he did not supervise employees, and he did not discipline employees – all these actions were done by the supervisors and the General Manager, Patrick Arreaga, who was hired to exercise control over these day-to-day operations.

Further, James Johnson did not exercise operational control over the entity defendant – he did not visit the work sites and hired other people to "run the day-to-day operations." The only task he had handled was getting new accounts.

The fact that he could have had more control is immaterial to the analysis of whether he was Plaintiffs' employer under the FLSA and based on the overwhelming weight of the evidence here, he should be awarded summary judgment on this issue.

## **CONCLUSION**

For the above-stated reasons, the individual Defendant, James S. Johnson, respectfully requests that this Court enter an Order granting his Motion for Summary Judgment as individual liability under the FLSA and any such other relief as the Court deems just and proper.

Respectfully submitted, this 20th day of January, 2016.

                                      LUBELL & ROSEN, LLC
                                      *Attorneys for Defendants*
                                      200 S. Andrews Ave, Suite 900
                                      Ft. Lauderdale, Florida 33301
                                      Phone: (954) 880-9500
                                      Fax: (954) 755-2993
                                      E-mail:     adi@lubellrosen.com

                                      By: *s/Adi Amit*
                                          Adi Amit, Esquire
                                          Florida Bar No. 35257

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 20, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      By:___/s *Adi Amit*_____
                                          Adi Amit, Esquire
                                          Florida Bar No: 35257

## SERVICE LIST

*Melba Moreira, et al. v. Americlean Building Maintenance, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-22606-CMA

| | |
|---|---|
| Julia M. Garrett, Esq.<br>Elizabeth O. Hueber, Esq.<br>J.H. Zidell, Esq.<br>J.H. ZIDELL, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>jgarrett.jhzidellpa@gmail.com<br>elizabeth.hueber.esq.@gmail.com<br>ZABOGADO@AOL.COM<br>*Counsel for Plaintiffs* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Ave.<br>Suite 900<br>Ft. Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>*Counsel for Defendants* |