UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CIV-22606-CMA

MELBA MOREIRA, RAUL MOREIRA, )
RAFAELA LEONOR RUIS, and all others )
similarly situated under 29 U.S.C. 216(B), )
              )
    Plaintiffs, )
vs. )
              )
AMERICLEAN BUILDING )
MAINTENANCE, INC., JAMES S. )
JOHNSON, )
Defendants. )
_____ )

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW the Plaintiffs, through undersigned counsel, by and through undersigned counsel, and moves for partial summary judgment as follows:

### INTRODUCTION

1. This matter includes claims under the Fair Labor Standards Act ("FLSA") for unpaid minimum wages under 29 U.S.C. 201-216.

2. This Court should grant partial summary judgment in Plaintiffs' favor on the points set forth below and find that the Plaintiffs were employees as a matter of law and reject Defendants' *in pari delicto* (doctrine of unclean hands) affirmative defense. *See* Defendants' Answer and Affirmative Defenses [DE34, No. 8].

### MEMORANDUM OF LAW

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp., et al.,* 912 F.2d

1

1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

Plaintiffs were not independent contractors during the relevant employment period, but rather were employees as defined by 29 U.S.C. § 203(e)(1). An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring,* 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. See, *Santelices,* supra.

In *Jeanneret v. Aron's East Coast Towing*, the Eleventh Circuit affirmed the District Court's definition of an employer and employee under the FLSA. "Section 203(d) of the FLSA

defines an "employer" as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.' It further defines 'employee' as 'any individual employed by and employer.'" *Jeanneret v. Aron's E. Coast Towing, Inc.,* No. 01-8001-CIV, 2002 WL 32114470, at *2 (S.D. Fla. Jan. 29, 2002) aff'd sub nom. *Jeanneret v. Aron's E. Coast,* 54 F. App'x 685 (11th Cir. 2002). Furthermore, economic dependence determines the employer/employee relationship under the Act. See, *Apolinar Martinez-Mendoza et.al. v. Champion International Corporation*, 16 Fla. L. Weekly Fed. C945, (11th Cir. 2003).

"To 'employ' means 'to suffer or permit to work." *Id.* Determination of employment status under the FLSA is a question of federal law. *Id.* Whether an employment relationship exits under the FLSA must be judged by the 'economic realities' of the individual case and not by traditional common-law principles. *Id.* The Eleventh Circuit stated that "in entertaining and assessing the evidence relevant to the inquiry called for by a given factor, the question the district court must ask itself is whether such evidence, considered as a whole, supports (or fails to support) the laborer's claim that he is economically dependent on the putative employer…." *Martinez-Mendoza v. Champion Int'l Corp.,* 340 F.3d 1200, 1209 (11th Cir. 2003)(emphasis added).

Plaintiffs worked for Defendants as cleaners and their job duties included cleaning, throwing out the garbage, vacuuming, cleaning the curtains, chairs, taking out stains in the carpets, cleaning the bathrooms, and taking out the garbage, in the EcoPlex building, located in West Palm Beach, for a building Defendants performed cleaning services for. Melba Depo. Trans. P.15, L.10-11; P. 24, L.2-19; P.43; Raul Depo. Trans. P.94, L.18-23, P.95, L.1-8, P.28, L.3; P.92, L.2-6; P.92, L.9-12; Rafaela Depo. Trans. P.40, L. 4 - 5. Under the economic realities test, such demonstrates the service rendered was an integral part of Defendants' business. *See,*

*prong 6 of Santelices, supra.* Further, Plaintiffs had no other job while employed by Defendants and were completely economically dependent on Defendants for their livelihoods. Melba Depo. Trans. P.10, L.3-19.  Plaintiffs were paid by checks by Defendants and the payee on the checks was James Johnson, the president of Defendants, and the checks were signed by the individual Defendant, James Johnson. Melba Depo. Trans. P.36, L.7-15; P.102, L.7-8; P.107, L.4-6.  Under the economic realities test, such demonstrates Plaintiffs were employees, as they were economically dependent on the Defendants. *See Apolinar infra.*

Plaintiffs did not own their own cleaning equipment when cleaning (i.e. vaccum). Melba Depo. Trans. P.16, L.9-11. Plaintiffs did not have their own employees with them and did not have their own crew working for them. Raul Depo. Trans. P.92, L.2. Plaintiff Rafaela explained she does not own a business and does not have her own private clients and that equipment is provided by Defendants.  Rafaela Depo. Trans. P.41, L. 9 - 24. Plaintiffs did not have to provide their own supplies. Raul Depo. Trans. P.92, L.20; P.93, L.16-25. Plaintiffs wore uniforms which bore the name of Defendants. Raul Depo. Trans. P.94, L.3-8, 11-14; Rafaela Depo. Trans. P.28, L. 6 - 8. Under the economic realities test *supra*, such demonstrates Plaintiff was an employee not an independent contractor.  *See, prong 3 of Santelices, supra.*

Plaintiffs' direct supervisors were Luis Torres and Yesenia Robinson, checked on Plaintiffs' work performance, along with Defendants' general manager, Patricio Arriaga. Melba Depo. Trans. P.19, L.22-1; P. 20, L.7-8; P.21, L.20-25, P.23, L.12-16. Defendants' general manager, Patricio Arriaga, was the person that determined Plaintiffs' work schedule, advised Plaintiffs as to the rate of their wages, and directed Plaintiffs as to which building they were responsible to clean. Melba Depo. Trans. P.22, L. 3-13. Moreover, Defendants' general manager, Patricio Arriaga, monitored Plaintiffs' schedule on a daily basis. Melba Depo. Trans. P.22, L.24-

4

P.23, L.1. Also, Yesenia, one of Plaintiff Melba's direct supervisors, disciplined and gave warning to Plaintiffs. Raul Depo. Trans. P.55, L.11. Plaintiff Rafaela reported receiving fines from Patrick Arriaga when the garbage was not cleaned and that Arriaga would deduct the fines from her pay checks. Rafaela Depo. Trans. P.28, L.19 - 25, P. 29, L. 1 -25. Defendants always pressured Plaintiffs and they "were always under that pressure. We always worked under that pressure." Raul Depo. Trans. P. 59, L.22-23. Plaintiff Raul would call Defendants, by and through Plaintiff's direct supervisor Louis Torres, for supplies, and some emergency or something in the building and Torres would also give Plaintiff Raul orders. Raul Depo. Trans. P.64, L.4-7; P.74, L.12-25; P.75, L.13-18; Rafaela Depo. Trans. P.29, L. 1 - 2. Under the economic realities test *supra*, such facts also demonstrate that Plaintiffs were employees (not independent contractors) due to the nature and degree of control of the Plaintiffs by the Defendants. *See, prong 1 of Santelices, supra.* Such facts, also, show Plaintiffs were employees, because under the economic realities test Defendants cannot argue that profit or loss depended upon Plaintiffs' managerial skills. *See, prong 2 of Santelices, supra.* The facts set forth above regarding the several prongs under *Santelices* supra, establish that Plaintiffs were employees (not independent contractor) as a matter of law.

The Court should reject Defendants' *in pari delicto* (doctrine of unclean hands) affirmative defense. *See* Defendants' Answer and Affirmative Defenses [DE34, No. 8]. The concept of *in pari delicto* is an outcome or a result of the defense of unclean hands, "in pari delicto, which is a "corollary of the doctrine of unclean hands." *O'Halloran*, 969 So. 2d at 1044 n.3." *Gastaldi v. Sunvest Resort Cmtys., LC*, 2010 U.S. Dist. LEXIS 9876 (S.D. Fla. Feb. 3, 2010). Defendants' contend that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands to the extent Plaintiffs intentionally colluded with each other and/or with others

5

to defraud the Defendants, or otherwise intentionally did not report hours they worked and now raise these claims after the fact in this lawsuit. *See* Defendants' Answer and Affirmative Defenses [DE34, No. 8]. Defendants' contentions have no direct relationship to the fact of whether Plaintiffs worked overtime for Defendants and whether Plaintiffs were paid by Defendants for said work. "The conduct constituting the unclean hands "must generally be connected with the matter in litigation and must affect the adverse party." *McCollem v. Chidnese*, 832 So. 2d 194, 196 (Fla. 4th DCA 2002). *Gastaldi v. Sunvest Resort Cmtys., LC*, 2010 U.S. Dist. LEXIS 9876 (S.D. Fla. Feb. 3, 2010). [R, DE 236]. In addition, the Supreme Court has repeatedly declared that a worker's rights to overtime wages cannot be waived or abridged by contract; they are "inalienable" in the employment law context. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981). [R, DE 236].

> Generally, the affirmative defense of unclean hands is not recognized in FLSA cases.
>
>> [t]he Court finds that the defense of unclean hands, which would act to deny Plaintiff equitable relief on the theory that he himself engaged in reprehensible conduct, is unavailing. The above-cited cases clearly establish that the FLSA-prescribed minimum wage cannot be waived under any circumstances. Id. ("The obligation [to comply with the FLSA] is the employer's and it is absolute."). Whether or not Plaintiff engaged in reprehensible conduct would therefore have no bearing on Defendant's obligation to compensate Plaintiff accordingly. Defendant's affirmative defenses of waiver, estoppel and unclean hands are therefore stricken as to Plaintiff's FLSA claim.

*Lee v. Askin Trucking, Inc*., 2006 U.S. Dist. LEXIS 97552 (S.D. Fla. Feb. 7, 2006).

Assuming that the doctrine of unclean hands can even apply to an FLSA lawsuit, the matter of whether Plaintiffs intentionally colluded with each other and/or with others to defraud the Defendants, or otherwise intentionally did not report hours they worked and now raise these claims after the fact in this lawsuit, have no connection with the matter of this lawsuit and

6

Plaintiffs' right to overtime wages. If Defendants' arguments were accepted, an employer would be allowed to hire an illegal alien, pay them in cash at $1.50/hr for 70 hours a week, and then claim *in pari delicto* barring the illegal alien from collecting minimum wages and overtime which is contrary to the Eleventh Circuit ruling in *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir.. 1988). *See also, Jorge Alberto Barrera et al v. Weiss & Woolrich Southern Enterprises, Inc. and C.G.R. Contractors, Co., Inc.* Case No.: 09-21841-CIV-Graham/Torres (the district court on page 4 of his decision stated "Similarly, there is no case law supporting Defendants' argument that Plaintiffs' failure to pay federal income taxes requires summary judgment. Summary Judgment on either of the aforementioned basis is DENIED." [R, DE 236]),

**WHEREFORE,** THE PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT ENTER A PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS AND FIND AS A MATTER OF LAW THAT PLAINTIFFS WERE NOT INDEPENDENT CONTRACTORS BUT WERE EMPLOYEES AS DEFINED BY THE FLSA. ALSO, PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT SHOULD REJECT DEFENDANTS' *IN PARI DELICTO* (DOCTRINE OF UNCLEAN HANDS) AFFIRMATIVE DEFENSE [DE34, No. 8].

                          **Respectfully submitted,**

                          STEPHEN M. FOX, JR., ESQ.
                          J.H. ZIDELL, P.A.
                          300 71ST STREET, #605
                          MIAMI BEACH, FLA. 33141
                          PH: 305-865-6766
                          FAX: 305-865-7167
                          EMAIL: STEPHEN.FOX.ESQ@GMAIL.COM
                          F.B.N. 110359
**BY:**     **s/ *Stephen M. Fox, Jr.***
                          STEPHEN M. FOX, JR., ESQ.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON _1/20/16_ TO:**

**ALL CM/ECF RECIPIENTS**

**ADI AMIT, ESQ.
LUBELL & ROSEN, LLC
200 S. ANDREWS AVENUE, SUITE 900
FORT LAUDERDALE, FL 33301
PH: 954-880-9500
FAX: 954-755-2993
EMAIL: ADI@LUBELLROSEN.COM**

**BY:     s/ *Stephen M. Fox, Jr.*
             STEPHEN M. FOX, JR., ESQ.**