UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CIV-22606-CMA

MELBA MOREIRA, RAUL MOREIRA, )
RAFAELA LEONOR RUIS, and all others )
similarly situated under 29 U.S.C. 216(B), )
                                                           )
           Plaintiffs, )
vs. )
                                                           )
AMERICLEAN BUILDING )
MAINTENANCE, INC., JAMES S. )
JOHNSON, )
Defendants. )
_____ )

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiffs, by and through undersigned counsel, and pursuant to Fed.R.Civ.P. Rule 56 and SDLR 7.5, file their Statement of Material Facts in support of their Motion for Partial Summary Judgment as follows:

1. Plaintiffs worked for Defendants as cleaners and their job duties included cleaning, throwing out the garbage, vacuuming, cleaning the curtains, chairs, taking out stains in the carpets, cleaning the bathrooms, and taking out the garbage, in the EcoPlex building, located in West Palm Beach, for a building Defendants performed cleaning services for. Melba Depo. Trans. P.15, L.10-11; P. 24, L.2-19; P.43; Raul Depo. Trans. P.94, L.18-23, P.95, L.1-8, P.28, L.3; P.92, L.2-6; P.92, L.9-12; Rafaela Depo. Trans. P.40, L. 4 - 5.

2. Plaintiffs had no other job while employed by Defendants and were completely economically dependent on Defendants for their livelihoods. Melba Depo. Trans. P.10, L.3-19.

1

3. Plaintiffs were paid by checks by Defendants and the payee on the checks was James Johnson, the president of Defendants, and the checks were signed by the individual Defendant, James Johnson. Melba Depo. Trans. P.36, L.7-15; P.102, L.7-8; P.107, L.4-6.

4. Plaintiffs did not own their own cleaning equipment when cleaning (i.e. vaccum). Melba Depo. Trans. P.16, L.9-11.

5. Plaintiffs did not have their own employees with them and did not have their own crew working for them. Raul Depo. Trans. P.92, L.2. Plaintiff Rafaela explained she does not own a business and does not have her own private clients and that equipment is provided by Defendants. Rafaela Depo. Trans. P.41, L. 9 - 24.

6. Plaintiffs did not have to provide their own supplies. Raul Depo. Trans. P.92, L.20; P.93, L.16-25.

7. Plaintiffs wore uniforms which bore the name of Defendants. Raul Depo. Trans. P.94, L.3-8, 11-14; Rafaela Depo. Trans. P.28, L. 6 - 8.

8. Plaintiffs' direct supervisors were Luis Torres and Yesenia Robinson, checked on Plaintiffs' work performance, along with Defendants' general manager, Patricio Arriaga. Melba Depo. Trans. P.19, L.22-1; P. 20, L.7-8; P.21, L.20-25, P.23, L.12-16.

9. Defendants' general manager, Patricio Arriaga, was the person that determined Plaintiffs' work schedule, advised Plaintiffs as to the rate of their wages, and directed Plaintiffs as to which building they were responsible to clean. Melba Depo. Trans. P.22, L. 3-13.

10. Defendants' general manager, Patricio Arriaga, monitored Plaintiffs' schedule on a daily basis. Melba Depo. Trans. P.22, L.24-P.23, L.1.

11. Yesenia, one of Plaintiff Melba's direct supervisors, disciplined and gave warning to Plaintiffs. Raul Depo. Trans. P.55, L.11. Plaintiff Rafaela reported receiving fines from Patrick

Arriaga when the garbage was not cleaned and that Arriaga would deduct the fines from her pay checks. Rafaela Depo. Trans. P.28, L.19 - 25, P. 29, L. 1 -25.

12. Defendants always pressured Plaintiffs and they "were always under that pressure. We always worked under that pressure." Raul Depo. Trans. P. 59, L.22-23. Plaintiff Raul would call Defendants, by and through Plaintiff's direct supervisor Louis Torres, for supplies, and some emergency or something in the building and Torres would also give Plaintiff Raul orders. Raul Depo. Trans. P.64, L.4-7; P.74, L.12-25; P.75, L.13-18; Rafaela Depo. Trans. P.29, L. 1 - 2.

**Respectfully submitted,**

**STEPHEN M. FOX, JR., ESQ.**
**J.H. ZIDELL, P.A.**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: STEPHEN.FOX.ESQ@GMAIL.COM**
**F.B.N. 110359**
**BY:____s/ *Stephen M. Fox, Jr.*_____**
**STEPHEN M. FOX, JR., ESQ.**


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING ON _1/20/16_ TO:**

**ALL CM/ECF RECIPIENTS**

**ADI AMIT, ESQ.**
**LUBELL & ROSEN, LLC**
**200 S. ANDREWS AVENUE, SUITE 900**
**FORT LAUDERDALE, FL 33301**
**PH: 954-880-9500**
**FAX: 954-755-2993**
**EMAIL: ADI@LUBELLROSEN.COM**

        **BY:**  **s/** *Stephen M. Fox, Jr.*
                **STEPHEN M. FOX, JR., ESQ.**