UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-22606-CMA

MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, and all others similarly stated under 29 U.S.C. §216(b),

    Plaintiff,

v.

AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, by and through undersigned counsel, hereby file their Response to Plaintiffs' Motion for Partial Summary Judgment [DE #51] and, in support, state as follows:

### SUMMARY OF THE RESPONSE

Plaintiffs' Motion for Partial Summary Judgment should be denied with respect to all Plaintiffs' other than MELBA MOREIRA because there exists significant evidence on the record to dispute the material fact of whether RAUL MORIERA and RAFAELA LEONOR RUIZ even provided any services for the Defendants and/or whether, under the economic reality test, there was an employer-employee relationship between RAUL MORIERA and RAFAELA LEONOR RUIZ and the Defendants. Thus, these Plaintiffs have failed to satisfy their burden to show that they even performed services for the Defendants, such that would render them Defendants' "employees" under the FLSA.

**STATEMENT OF MATERIAL UNDISPUTED FACTS IN OPPOSITION**

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are simultaneously herewith filing their response to Plaintiffs' Statement of Facts and further incorporate their Statement of Material Undisputed Facts [DE #52]. All references to documents already filed by Defendants in the Court's docket are followed by a designation in the format of DE #__.

**LEGAL ARGUMENT**

**Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. See, *Hickson Corp.,* 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id. at 1260*. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.;* see also, *Anderson,* 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255. If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not

grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" See, *United States v. $183,791.00,* 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." See, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." See, *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 448 Fed. Appx. 17, 2011 WL 5903518, at *2 (11th Cir. 2011). Mere "metaphysical doubt as to the material facts" will not suffice. See*, Matsushita,* 475 U.S. at 586.

## Substantive Argument

### A. Melba Moreira was Americlean Building Maintenance, Inc.'s Employee

Defendants agree with Plaintiff, Melba Moreira, that the services she provided for Americlean Building Maintenance, Inc. render her, pursuant to the relevant case law and given the facts of the case, an "employee" of Americlean Building Maintenance, Inc. for FLSA purposes. As stated below, though, her husband, Raul Moreira, and her sister, Rafaela Leonor Ruiz, were not.

3

**B. Evidence on the Record Disputes Whether Raul Moreira and Rafaela Leonor Ruiz Even Performed any Services for the Defendants**

As pointed in Defendants' Response to Plaintiffs' Statement of Facts, evidence on the record that neither Raul Moreira, nor Rafaela Leonor Ruiz were employees of Americlean and/or that Americlean was aware that they performed work is plentiful. The summary of the record is as follows:

1. Melba Moreira is the only Plaintiff with whom Americlean had a relationship.
2. Rafaela Leonor Ruiz did not work at all (including not for Americlean) in 2011, 2012, 2013, and 2014.
3. Melba Moreira was the only Plaintiff who was paid by Americlean.
4. Melba Moreira never asked Americlean to pay either Rafaela Leonor Ruiz or Raul Moreira.
5. None of the Plaintiffs recorded or reported their actual (or alleged) work hours to anyone from Americlean.
6. Melba Moreira testified that it was her decision to have her sister and husband help her and that she determined their pay.
7. Americlean's General Manager, who hired Melba Moreira and was melba Moreira's supervisor, stated under oath that he was unaware that Raul Moreira or Rafaela Leonor Ruiz performed any work for Americlean.

These circumstances, as described and specifically cited below, show that, *at a minimum*, there is a genuine issue for trial whether Raul Moreira and Rafaela Leonor Ruiz were employees of Americlean's for FLSA purposes. For that reason, Plaintiffs' Motion on that issue should be denied.

"The Eleventh Circuit has unambiguously held that the FLSA does not apply to an individual in the absence of an employer-employee relationship under 29 U.S.C. §§206-07." See, *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274, 1277 (S.D. Fla. 2012) (citing *Villarreal v. Woodman*, 113 F.3d 202, 205 (11th Cir. Fla. 1997); *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) (holding subsection (g) defining "employ," was not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on premises of another)).

"Under the FLSA, an 'employee' is defined as 'any individual employed by an employer.'" See, *Freeman* 841 F. Supp. 2d at 1278 (citing *29 U.S.C. §203(e)(1)*). "An 'employer' includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency...'" *Id*. (citing *29 U.S.C. § 203(d)*). "To 'employ' is defined as to 'suffer or permit to work.'" *Id*. (citing *29 U.S.C. § 203(g)*). "Individuals seeking compensation pursuant to the FLSA 'bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act.'" *Id*. (citing *Purdham v. Fairfax County Sch. Bd.*, 637 F.3d 421, 427 (4th Cir. 2011))

"When analyzing whether an individual is an employee under the FLSA, the Supreme Court has held that courts should consider the FLSA's terms in light of the 'economic reality' of the relationship between the parties." *Id*. (citing *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961))

The economic reality test inquiries into whether the alleged employer:

(1) had the power to hire and fire the employees;

(2) supervised and controlled employee work schedules or conditions of

        employment;

(3)      determined the rate and method of payment, and

(4)      maintained employment records.

*Id*. (citing *Villarreal*, 113 F.3d at 205)

Here, Mr. Moreira stated that he did not fill out an application (***DE #50-4***, 28:21-23); that he never interviewed for a job with Americlean (***DE #50-4***, 65:14-16); that he has no documents at all that prove that he ever worked for Americlean (***DE #50-4***, 30:13-16; 66:16-19); that he was never paid by Americlean (***DE #50-4***, 49:4-6); and that he never reported work hours to Americlean (***DE #50-4***, 49:14-19; 50:10-17; 51:12-14). Melba Moreira admitted that Raul Moreira never sought employment from Americlean (***DE #50-2***, 84:7-9) and that Rafaela Leonor Ruiz never sought employment from Americlean (***DE #50-2***, 84:10-12) – thus because RAUL MORIERA and RAFAELA LEONOR RUIZ were never hired by Americlean, Americlean necessarily also did not have the theoretical power to fire them.

Further, the record indicates clearly that it was Melba Moreira's decision to pay Raul Moreira and Rafaela Leonor Ruiz and Americlean had nothing to do with that decision. (***DE #50-2***, 86:12-19)

Melba Moreira paid RAFAELA LEONOR RUIZ and RAUL MOREIRA (***DE #50-2***, 74:19 – 75:4; 84:14 – 86:4; 86:12-19) Melba Moreira never even asked Americlean to pay RAFAELA LEONOR RUIZ and RAUL MOREIRA. See, ***DE #50-2***, 83:17 – 84:1. Melba Moreira instructed the Plaintiffs to go to the building (EcoPlex). See, ***Rafaela Leonor Ruiz's Depo***, 20:24 – 21:1. Melba Moreira instructed Plaintiffs as to their schedule. See, ***Rafaela Leonor Ruiz's Depo***, 21:2-4. Melba Moreira promised the Plaintiffs that if they worked together,

6

she would pay them. See, ***Rafaela Leonor Ruiz's Depo***, 21:15-19; 22:3-6. Americlean never made that promise. ***Rafaela Leonor Ruiz's Depo***, 21:20-21; 23:7-9.

These facts clearly demonstrate that if anyone had an employer-employee relationship with RAFAELA LEONOR RUIZ and RAUL MOREIRA, it was Melba Moreira, not Americlean. She is the one that promised them compensation for help and Americlean were not part of that decision-making process.

On the records-keeping issue, Plaintiffs never submitted any records for Americlean Building Maintenance, Inc. to maintain. In contrast, Americlean did maintain records for Melba Moreira – the only person out of the three with whom it had an employer-employee relationship. All Plaintiffs also admit to not submitting or informing anyone at Americlean Building Maintenance, Inc. that RAUL MORIERA and RAFAELA LEONOR RUIZ worked.

Finally, while the Plaintiffs maintain that supervisors from Americlean Building Maintenance, Inc. supervised them, Patrick Arreaga, Americlean Building Maintenance, Inc.'s General Manager and Melba Moreira's direct supervisor, whose responsibility included supervision of employees at the building to which Melba Moreira was assigned denies supervising them, denies having seen or communicating with them, and denied knowing about any other individual supervising them.

To sum, the only Plaintiff with whom Americlean Building Maintenance, Inc. had a relationship was Melba Moreira. She is the only one of the three Plaintiffs with an expectation of payment from Americlean Building Maintenance, Inc. for work performed at the EcoPlex building. To the extent Raul Moreira and Rafaela Leonor Ruiz performed any cleaning services at EcoPlex (a fact that they have not been able to establish,) the evidence shows that Americlean never intended for them to do it and was not aware that they were doing it. The only person that

hired them to do it was Raul's husband and Rafaela's sister – Melba Moreira and she is their employer. Of course, they did not file a lawsuit against her for violations of minimum wage laws.

Under such circumstances, Plaintiffs have failed to show that RAUL MORIERA and RAFAELA LEONOR RUIZ were "employees" of Americlean Building Maintenance, Inc., as a matter of law – at a minimum, there is a true controversy for the finder of fact to decide, whether Raul Moreira and Rafaela Leonor Ruiz were employed by Americlean Building Maintenance, Inc. Consequently, Plaintiffs' Motion for Partial Summary Judgment, on that basis, should be denied.

## CONCLUSION

For the above stated reasons, Plaintiffs, RAUL MORIERA and RAFAELA LEONOR RUIZ, are not entitled to summary judgment in their favor on the issue of whether they were Defendants' "employees" for FLSA purposes. Defendants, however, agree that MELBA MOREIRA's relationship with Americlean Building Maintenance, Inc. was an employee-employer relationship.

Respectfully submitted, this 8th day of February, 2016.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:   adi@lubellrosen.com
>
> By: *s/Adi Amit*
>     Adi Amit, Esquire
>     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___/s *Adi Amit*_____
Adi Amit, Esquire
Florida Bar No: 35257

## SERVICE LIST

*Melba Moreira, et al. v. Americlean Building Maintenance, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-22606-CMA

| | |
|---|---|
| Julia M. Garrett, Esq.<br>Elizabeth O. Hueber, Esq.<br>J.H. Zidell, Esq.<br>J.H. ZIDELL, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>jgarrett.jhzidellpa@gmail.com<br>elizabeth.hueber.esq.@gmail.com<br>ZABOGADO@AOL.COM<br>*Counsel for Plaintiffs* | Adi Amit, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Ave.<br>Suite 900<br>Ft. Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>*Counsel for Defendants* |