UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CIV-22606-CMA

| | |
|---|---|
| MELBA MOREIRA, RAUL MOREIRA,<br>RAFAELA LEONOR RUIZ, and all others<br>similarly situated under 29 U.S.C. 216(B),<br><br>       Plaintiffs,<br>vs.<br><br>AMERICLEAN BUILDING<br>MAINTENANCE, INC., JAMES S.<br>JOHNSON,<br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED JURY INSTRUCTIONS

Plaintiffs and Defendants, by and through their respective counsel, hereby submit their Proposed Jury Instructions. The Parties request that this Court permit them to reserve the right to supplement or modify the Jury Instructions as the need arises during trial.

INSTRUCTIONS PROPOSED ONLY BY A PLAINTIFFS ARE UNDERLINED. WHEN THE PARTIES DO NOT AGREE ON PROPOSED INSTRUCTION, THAT INSTRUCTION SHALL BE IN BOLD TYPE. INSTRUCTIONS PROPOSED ONLY BY DEFENDANTS SHALL BE ITALICIZED. EVERY INSTRUCTION IS SUPPORTED BY CITATION TO AUTHORITY.

//
//
//

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

Evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case. I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions:

**Plaintiffs Melba Moreira, Raul Moreira, and Rafaela Leonor Ruiz allege that they were not paid proper minimum wages from their employers, Americlean Building Maintenance, Inc. under the federal Fair Labor Standards Act as well as the Florida law. Plaintiffs allege that they were each employed by the Defendants as cleaners and that they each worked 30 hours per week, but were not paid their minimum wages. Finally, Plaintiffs allege that the individual Defendant, James S. Johnson, was also their employer**

4

**for FLSA purposes.  Defendants contest that Plaintiffs Raul Moreira and Rafaela Leonor Ruiz were their employees, and that the payments made were not intended for all three Plaintiffs, but instead were intended only intended for the true employee, Melba Moreira. Thus, Defendants do not believe that any minimum wages are due.  Defendants also assert that Mr. James S. Johnson is not liable in regard to any minimum wages owed, to the extent that any violation of minimum wage laws ever occurred.**

*The Plaintiffs, MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ, claim the Defendants, AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON, failed to pay them minimum wage. AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON deny those claims and contend that MELBA MOREIRA was paid above minimum wage and that they were not RAUL MOREIRA, and RAFAELA LEONOR RUIZ's "employers". Further, the Defendants contend that JAMES S. JOHNSON was not an "employer" under the FLSA.*

Burden of proof:

**Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to his side. If Plaintiffs fails to meet this burden, you must find in favor of Defendants.**

*MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ have the burden of proving their case by what the law calls a "preponderance of the evidence." That means MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ must prove*

5

*that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ and the evidence favoring AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON on opposite sides of balancing scales, MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ need to make the scales tip to their side. If MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ fail to meet this burden, you must find in favor of AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON.*

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts. Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.**

*On certain issues, called "affirmative defenses," AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON must prove for any affirmative defense. After considering all the evidence, if you decide that AMERICLEAN*

***BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.***

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social networking websites such as Facebook, Snapchat, Instagram, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors

can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of Trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

**Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants may ask the witness questions—this is called "cross examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it. After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.**

*Next, MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ will present their witnesses and ask them questions. After MELBA MOREIRA, RAUL MOREIRA,*

*and RAFAELA LEONOR RUIZ question the witness, AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON may ask the witness questions—this is called "crossexamining" the witness. Then, AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON will present their witnesses, and MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.*

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Source:**         11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Preliminary Instructions, Section 1.1 (modified).

**APPROVED**            _____
**DENIED**              _____
**GIVEN AS MODIFIED**   _____

9

## **OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English [interpretation/translation] provided and disregard any different meaning.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 1.3

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>INTERIM STATEMENTS</u>

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Source:**     11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Interim Statements, Section 1.5

**APPROVED**             _____
**DENIED**                  _____
**GIVEN AS MODIFIED**   _____

## **JURY QUESTIONS**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness.

- You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 1.4

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## **TRIAL INSTRUCTIONS**

## **STIPULATIONS**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

    a. **Plaintiff Melba Moreira was employed by Defendant Americlean Building Maintenance, Inc. beginning at a time prior to July 10, 2015 until at least the date of the filing of this pretrial stipulation.**

    b. **Melba Moreira received payment from Americlean Building Maintenance, Inc. by check, monthly.**

    c. **James S. Johnson is the owner of Americlean Building Maintenance, Inc.**

    d. **Washington Patrick Arreaga is the General Manager of Americlean Building Maintenance, Inc.**

    e. **No parties kept time records for Plaintiff Melba Moreira's or any other Plaintiff (to the extent that they were employed by Americlean).**

**Source:**    11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Trial Instructions, Stipulations, Section 2.1

**APPROVED**    _____
**DENIED**    _____
**GIVEN AS MODIFIED**    _____

### *OBJECTIONS BY COUNSEL*

**It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Therefore, you should not be prejudiced against an attorney or her client because the attorney has made objections.**

**Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.**

*Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions §11.03 (1987 ed.).*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## *"IF YOU FIND," OR "IF YOU DECIDE"*

*When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.*

*Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions §72.02 (4th ed. 1987).*

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### *INFERENCE DEFINED*

*You are to consider all the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.*

*Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by evidence in the case.*

*Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions §72.04 (4th ed. 1987).*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CIV-22606-CMA

MELBA MOREIRA, RAUL MOREIRA,            )
RAFAELA LEONOR RUIZ, and all others     )
similarly situated under 29 U.S.C. 216(B),   )
                                        )
                Plaintiffs,             )
vs.                                     )
                                        )
AMERICLEAN BUILDING                     )
MAINTENANCE, INC., JAMES S.             )
JOHNSON,                                )
Defendants.                             )
_____ )

**INSTRUCTION NO. 1**

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions,

sometimes called deliberations.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.1

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 2
## THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Source:**     11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), The Duty to Follow Instructions, Corporate Party Involved, Section 3.2.2

**APPROVED**          _____
**DENIED**              _____
**GIVEN AS MODIFIED**  _____

## PROPOSED JURY INSTRUCTION NO. 3
## USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:**       11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Use of Depositions, Section 2.2

**APPROVED**              _____
**DENIED**                  _____
**GIVEN AS MODIFIED**   _____

**PROPOSED JURY INSTRUCTION NO. 4**
**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;**
**ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Source:**      11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court, Section 3.3

**APPROVED**          _____
**DENIED**               _____
**GIVEN AS MODIFIED**   _____

## PROPOSED JURY INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Source:**      11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Credibility of Witnesses, Section 3.4

**APPROVED**                   _____
**DENIED**                        _____
**GIVEN AS MODIFIED**   _____

## PROPOSED JURY INSTRUCTION NO. 6
## IMPEACHMENT OF WITNESSES BECAUSE
## OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source:**       11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Impeachment of Witnesses, Section 3.5.1

**APPROVED**              _____
**DENIED**                _____
**GIVEN AS MODIFIED**   _____

**PROPOSED JURY INSTRUCTION NO. 7**
**RESPONSIBILITY FOR PROOF – PLAINTIFFS' CLAIM**
**PREPONDERANCE OF THE EVIDENCE – MINIMUM WAGES**

In this case it is the responsibility of **the Plaintiffs** *MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ* to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that **the Plaintiffs'** *MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ* claim is more likely true than not true.

If **the Plaintiffs** *MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ* fail to establish by a preponderance of the evidence that they performed work for which he was not properly compensated, you must find in favor of the Defendants. However, if **the Plaintiffs** *MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ* do prove by a preponderance of the evidence that they performed work for which they were not properly compensated for, the burden shifts back to the Defendants to come forward with evidence of the precise amount of work performed.

If you find that the Defendants came forward with evidence regarding the precise amount of work performed by **the Plaintiffs** *MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ* and that Defendants properly paid for that work, then the burden shifts back to **the Plaintiffs** *MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ* to demonstrate by a preponderance of the evidence that the evidence produced by Defendants was inaccurate and that he is indeed owed monies for minimum wages worked.

**Source:**     11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Responsibility for Proof, Plaintiff's Claim, Section 3.7.1(modified); *Gaylord v. Miami-Dade County*, 78 F.Supp.2d 1320 (S.D. Fla. 1999); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946).

**APPROVED**            _____
**DENIED**              _____
**GIVEN AS MODIFIED**   _____

### *PROPOSED JURY INSTRUCTION NO. 8*

*Responsibility for Proof—Affirmative Defense Preponderance of the Evidence*

*In this case, AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON assert the affirmative defense[s] of statute of limitations, good faith, lack of willfulness, lack of knowledge of work done, preliminary and postliminary activities, unclean hands, that the damages are the result of Plaintiff's actions, and set off. Even if MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ prove their claim by a preponderance of the evidence, AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.*

*When more than one affirmative defense is involved, you should consider each one separately.*

*I caution you that AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON do not have to disprove MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ's claim, but if AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.*

*11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.2 (modified)*

(Plaintiffs would accept this instruction, except that Plaintiffs do not believe that the affirmative defenses should properly be brought before the jury as to: good faith, lack of willfulness, lack of knowledge of work done, preliminary and postliminary activities, unclean hands, that the damages are the result of Plaintiff's actions, and set off.  These defenses are inapplicable to this matter. )

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

<u>***PROPOSED JURY INSTRUCTION NO. 9***</u>

***Fair Labor Standards Act—29 U.S.C. §§ 201 et seq.***

In this case, MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ claim that AMERICLEAN BUILDING MAINTENANCE, INC. and JAMES S. JOHNSON did not pay them the minimum wage required by the federal Fair Labor Standards Act, also known as the FLSA. To succeed on their claim against Defendants, MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ must prove each of the following facts by a preponderance of the evidence:

First: That MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ were employed by the Defendants ***and were engaged in commerce or were employed by an enterprise engaged in commerce***; and

Second: Defendants failed to pay MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ the minimum wage required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With respect to the first fact, the parties have stipulated or agreed that MELBA MOREIRA was employed by AMERICLEAN BUILDING MAINTENANCE, INC. and was engaged in commerce or was employed by an enterprise engaged in commerce – and you should consider these facts established. Whether RAUL MOREIRA and RAFAELA LEONOR RUIZ were employed by AMERICLEAN BUILDING MAINTENANCE, INC. is disputed. *The Eleventh Circuit has unambiguously held that* the FLSA does not apply to an individual in the absence of an employer-employee relationship under the FLSA.

Accordingly, the facts that you need to decide are whether RAUL MOREIRA and RAFAELA LEONOR RUIZ were employed by AMERICLEAN BUILDING MAINTENANCE, INC. and only if they were, whether the Defendants failed to pay MELBA MOREIRA, RAUL MOREIRA, and RAFAELA LEONOR RUIZ the minimum wage required by law. The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour. The applicable minimum wage required by the FMWA during the relevant period involved in this case was as follows:  $7.25 from July 24, 2009 until May 31, 2011, $7.31 from June 1, 2011 until December 31, 2011, $7.67 from January 1, 2012 to December 31, 2012, $7.79 from January 1, 2013 until December 31, 2013, and $7.93 from January 1, 2014 until December 31, 2014.

The amount of damages is the difference between the amount Plaintiffs should have been paid (if any) and the amount they were actually paid.

*11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14 (modified); Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc., 841 F. Supp. 2d 1274, 1277 (S.D. Fla. 2012) (citing Villarreal v. Woodman, 113 F.3d 202, 205 (11th Cir. Fla. 1997); Walling v. Portland Terminal Co., 330 U.S. 148 (1947) (holding subsection (g) defining "employ," was not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on premises of another)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## PROPOSED JURY INSTRUCTION NO. 10
### Individual Liability

<u>An individual who owns a company is not liable for the non-payment of wages merely by virtue of his ownership interest.  However, under certain circumstances, an individual, in addition to a company, may be held personally liable for the failure to pay an employee owed overtime compensation.  The FLSA defines an employer as including any person acting directly or indirectly in the interest of an employer in relation to an employee. A corporate officer is personally liable as an FLSA employer if he has operational control of a corporation's covered enterprise, which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue.</u>

**SOURCE:** Annotation to 11th Circuit Civil Pattern Jury Instruction 4.13 (2013) Equal Pay Act; *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013); 29 U.S.C. § 203(d); *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir.1986).

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

*An individual cannot be held individually liable for violating the overtime provision of the FLSA unless he is an 'employer' within the meaning of the Act. in order to qualify as an employer for this purpose, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee. Having the ability to control day-to-day operations with respect to employees is not sufficient; the individual need to actually exercise such control in order to be liable.*

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. Fla. 2008) (citing 29 U.S.C. §207(a)(1); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984)); *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986); *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 262-263 (8th Cir. 1963)

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

<u>**PROPOSED JURY INSTRUCTION NO. 11**</u>
<u>**EMPLOYER RECORDS**</u>

<u>**In determining whether Plaintiffs are owed minimum wage compensation, keep in mind that the law requires employers to keep records of the number of hours actually worked by its employees subject to this Act for employees who are not exempt.  If you conclude Plaintiffs were employees and were not exempt, then the law requires those records show the number of hours worked each work day and the total hours worked each work week.**</u>

**SOURCE:**    29 U.S.C. §211(c); 29 C.F.R. §516.2; *Gaylord v. Miami-Dade County*, 78 F.Supp.2d 1320 (S.D. Fla. 1999); *Reich v. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076, 1081 (11th Cir. 1994); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946).

**APPROVED**          _____
**DENIED**               _____
**GIVEN AS MODIFIED**  _____

## PROPOSED JURY INSTRUCTION NO. 12
## WORKING TIME

      **Under the law, the test for whether an employee's time constitutes working time is whether the time is spent predominantly for the employer's benefit or for the employee's. This test requires consideration of the agreement between the parties, the nature and extent of the restrictions, the relationship between the services rendered and the on call time, and all surrounding circumstances.**

**Source:**    *IBP, Inc. v. Alvarez,* 546 U.S. 21, 25, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005); *Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S. Ct. 165, 168, 89 L. Ed. 118 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134, 137, 65 S. Ct. 161, 163, 89 L. Ed. 124 (1944); and, *Gilligan v. City of Emporia, Kansas*, 986 F.2d 410, 412 (10th Cir. 1993); 29 C.F.R. 553.2221 (d); and, *Gilligan v. City of Emporia, Kansas*, 986 F.2d 410, 412 (10th Cir. 1993). *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692, 90 L.Ed 1515, 66 S.Ct. 1187 (1946), *Lindow v. USA,* 738 F.2d 1057 (9th Cir. 1983).

**APPROVED**          _____

**DENIED**               _____

**GIVEN AS MODIFIED**  _____

## PROPOSED JURY INSTRUCTION NO. 13

### "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business. Permitting an employee to engage in an activity is considered "work" under the FLSA.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

## PROPOSED JURY INSTRUCTION NO. 14

### Employee Permitted to Work

### Permitting an employee to engage in an activity is considered "work" under the FLSA.

29 U.S.C. 203 (e)(1)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 15

### *"EMPLOYEE" DEFINED*

**An "employee" is defined as any individual employed by an employer. When analyzing whether an individual is an employee under the FLSA, the Supreme Court has held that you should consider the FLSA's terms in light of the 'economic reality' of the relationship between the parties.**

*29 U.S.C. §203(e)(1)*; *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. Fla. 2012); *West v. Verizon Servs. Corp.*, 2011 U.S. Dist. LEXIS 5952, *21 (M.D. Fla. Jan. 21, 2011) (citing *Olivas v. A Little Havana Check Cash*, 324 F. App'x 839, 846 (11th Cir. 2009)); *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 16

### *"EMPLOY" DEFINED*

**The term "employ" is defined as "to suffer or permit to work*."***

*29 U.S.C. §203(g)(1)*; *Anglin v. Maxim Healthcare Servs.*, 2009 U.S. Dist. LEXIS 70155, *7 (M.D. Fla. July 22, 2009)

<div style="margin-left:50%">

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

</div>

### *INSTRUCTION NO. 17*

#### *"SUFFER OR PERMIT TO WORK" DEFINED*

**To "suffer or permit to work" an employer must have knowledge of the work being performed.**

*Anglin v. Maxim Healthcare Servs., 2009 U.S. Dist. LEXIS 70155, \*7 (M.D. Fla. July 22, 2009); Fox v. Summit King Mines, 143 F.2d 926, 932 (9th Cir. 1944)*

> *GIVEN:*
> *GIVEN AS MODIFIED:*
> *WITHDRAWN:*
> *REFUSED:*

### *INSTRUCTION NO. 18*

### *"ECONOMIC REALITY TEST" DEFINED*

*The economic reality test inquiries into whether the alleged employer:*

*(1)     had the power to hire and fire the employees;*

*(2)     supervised and controlled employee work schedules or conditions of*

*employment;*

*(3)     determined the rate and method of payment, and*

*(4)     maintained employment records.*

*Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc., 494 Fed. Appx. 940, 942 (11th Cir.
Fla. 2012) (citing Villarreal v. Woodman, 113 F.3d 202, 205 (11th Cir. Fla. 1997)); West v.
Verizon Servs. Corp., 2011 U.S. Dist. LEXIS 5952, *20 (M.D. Fla. Jan. 21, 2011) (citing
Villarreal, 113 F.3d at 205).*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## PROPOSED JURY INSTRUCTION NO. 19

## WILLFUL VIOLATION

If you find that the Plaintiffs have proven their claims, then you must determine whether the Defendants willfully violated the Fair Labor Standards Act.

To prove willful violation of the Act by the Defendants, the Plaintiffs must have proven by a preponderance of the evidence that the Defendants had actual knowledge that they were violating the Act when they failed to pay Plaintiff's overtime compensation OR that the Defendants showed reckless disregard for their obligations under the Act when they failed to pay overtime compensation.

**SOURCE:**

**APPROVED**               _____
**DENIED**                 _____
**GIVEN AS MODIFIED**   _____

## INSTRUCTION NO. 20

## DEFINITON OF WILLFULNESS

Under the FLSA, "willfulness" means that the Defendant either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA. In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." In law, mere negligence is insufficient to support a finding of willfulness.

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (U.S. 1988); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>PROPOSED JURY INSTRUCTION NO. 21</u>
<u>DAMAGES – NONWILFULL</u>

**If you find Plaintiffs have satisfied their burden of proving the essential elements of their claims by a preponderance of the evidence and Defendants have not met their burden of proving the existence of a defense by a preponderance of the evidence, then you should determine what amount of money would compensate the Plaintiffs.**

**The measure of damages is the difference between what Plaintiffs should have been paid under the Fair Labor Standards Act and the amount that you find Defendants actually paid Plaintiffs.**

**You should find as damages to be awarded in favor of the Plaintiffs, the amount of money that will compensate each Plaintiff for the difference between what each Plaintiff has been paid by Defendants and what the Fair Labor Standards Act required Defendants to pay Plaintiffs.**

**Source:**     29 U.S.C.A. §216(b) Pattern Jury Instructions, Federal Claims Instruction No. 9.1 and Damages Instruction No. 1.1 (11th Cir. 1990 ed.); Pattern Jury Instructions, Labor & Employment Claims, No. 11.1 (5th Cir. 1992 ed.).

**APPROVED**          _____

**DENIED**              _____

**GIVEN AS MODIFIED**  _____

## PROPOSED JURY INSTRUCTION NO. 22
## DUTY TO DELIBERATE WHEN ONLY
## PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source:**       11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Duty to Deliberate When Only Plaintiff Claims Damages, 3.8.1

**APPROVED**          _____
**DENIED**                  _____
**GIVEN AS MODIFIED**   _____

## PROPOSED JURY INSTRUCTION NO. 23

### RIGHTS TO MINIMUM WAGES NON-WAIVABLE

**An individual employee's rights for minimum wages under the Fair Labor Standards Act cannot be *abridged by contract* or otherwise waived by the employee.**


*Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981)

*Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>PROPOSED JURY INSTRUCTION NO. 24</u>

**RECORD KEEPING REQUIREMENTS OF THE EMPLOYER**

**(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:**

**(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,**

**(2) Home address, including zip code,**

**(3) Date of birth, if under 19,**

**(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)**

**(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,**

**(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),**

**(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),**

**(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,**

**(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,**

**(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,**

**(11) Total wages paid each pay period,**

**(12) Date of payment and the pay period covered by payment.**

**(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:**

**(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.**

**(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.**

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 25

### SEVERAL EMPLOYERS

**Several employers may be liable for an employee's minimum wages under the Fair**

**Labor Standards Act.**

*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

                                GIVEN:
                                GIVEN AS MODIFIED:
                                WITHDRAWN:
                                REFUSED:

**INSTRUCTION NO. 26**

**"REGULAR RATE" FOR MONTHLY SALARY DEFINED**

Where the salary covers a period longer than a workweek, such as a month, it must be reduced to

its workweek equivalent. A monthly salary is subject to translation to its equivalent weekly wage

by multiplying by 12 (the number of months) and dividing by 52 (the number of weeks). Once

the weekly wage is arrived at, the regular hourly rate of pay is computed by dividing the salary

by the number of hours which the salary is intended to compensate.

*29 CFR §778.113*

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## *INSTRUCTION NO. 27*

## *"UNCLEAN HANDS" DEFINED*

*The defense of unclean hands may operate to bar a plaintiff's claim in an appropriate case if the Plaintiff bears responsibility for his own injury. It gives force to the well-worn maxim: "[h]e who comes into equity must come with clean hands." To assert an unclean hands defense, a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing.*

*Bailey v. Titlemax of Ga., Inc., 776 F.3d 797, 801 (11th Cir. Ga. 2015) (citing Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 241 (1933)); Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450-51 (11th Cir. 1993)*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

### *INSTRUCTION NO. 28*

### *FLSA GOOD FAITH DEFENSE*

*The good-faith defense under the FLSA is an objective test that bars actions for violations of the minimum wage or overtime compensation provision of the FLSA if the employer proves that the act or omission complained of was (1) taken in good faith and was (2) in conformity with and (3) in reliance on a written administrative interpretation by a designated agency. The agency designated to provide interpretations of the FLSA is the Administrator of the Wage and Hour Division of the Department of Labor. Where an administrative interpretation is insufficient to allow objective reliance, the reliance prong of this test cannot be met; an employer's actual reliance upon his own incorrect interpretation of a vague and general administrative guideline will not suffice.*

Cole v. Farm Fresh Poultry, Inc., 824 F.2d 923 (11th Cir. Ala. 1987) (emphasis added)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### PROPOSED JURY INSTRUCTION NO. 29
### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source:**  11th Circuit Pattern Jury Instructions, Civil Cases, Eleventh Circuit (2013), Election of Foreperson, Explanation of Verdict, Section 3.9

**APPROVED** _____
**DENIED** _____
**GIVEN AS MODIFIED** _____