UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CIV-22606-CMA

| | |
|---|---|
| MELBA MOREIRA, RAUL MOREIRA, RAFAELA LEONOR RUIZ, and all others similarly situated under 29 U.S.C. 216(B), | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| AMERICLEAN BUILDING MAINTENANCE, INC., JAMES S. JOHNSON, Defendants. _____ | ) ) ) ) ) ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiffs, through undersigned counsel, and hereby replies to the opposition filed by Defendants [DE 53] regarding the Motion for Partial Summary Judgment filed by Plaintiffs [DE 51], and state in support as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

**I.       INTRODUCTION**

Plaintiffs moved for summary judgment under two grounds. The first is that all there is no genuine issue of material fact that Plaintiffs were employees of Defendant Americlean Maintenance, Inc. ("Americlean"). Defendants respond to that argument by first admitting that Defendant Melba Moreira is an employee, but asserting facts which they argue defeats the "economic realities test" which would establish an employee/employer relationship regarding the remaining two Defendants, Raul Moreira and Rafaela Leonor Ruiz.  Plaintiffs

1

response to these arguments by asserting that this position runs contrary to the position and factual background of this matter as expressed by Defendants themselves.  Both Defendants described in their deposition that their practice, with Plaintiff-employees and others, is to hire groups of people under the legal fiction of "independent contractor" in order to save money.

The second grounds for summary judgment is that "unclean hands" is an inappropriate/inapplicable affirmative defense as a matter of law under this circumstance. Defendants have made no argument in response.  Plaintiffs request that this Court deem the matter admitted and issue summary judgment on behalf of Plaintiffs on the applicability of unclean hands.

## II.   ARGUMENT

### a.  Defendants admit that Plaintiff Melba Moreira is an employee.

Defendants admit that Plaintiff Melba Moreira is an employee.  *See* Defendants Response at 3, Pretrial Stipulation at § 5(a).  Thus, this Court should issue a Partial Summary Judgment in regard to Plaintiff Melba Moreira at a minimum.

### b.  Americlean's support in defense should be disregarded.

Defendants in this action in this matter began this action with the position that all the Plaintiffs were independent contractors and that Defendants did not as a policy employ cleaners.  If Plaintiff may so characterize Defendants position: "Plaintiffs are independent contractors, but if they are not, then only Plaintiff Melba Moreira is an employee."[1]  Now,

---

[1] Quotation marks here are not intended to quote any actual quotation made by Defendants, but instead to distinguish Defendants' position from Plaintiffs' arguments.

Defendants have conceded that Plaintiff Melba Moreira is an employee.  Plaintiffs agree that it is a perfectly normal and reasonable part of the litigation process for parties to take contrary/alternative litigation positions; however, a problem arises when a party swears to facts which support one of these legal theories, and then swears to facts that support the second legal position, and these *facts* are inconsistent and cannot be reconciled.

Defendant Americlean "toed the line" regarding the independent contractor argument all throughout its deposition [54-2] ("Americlean Depo.).".

Americlean put advertisements in the newspaper to hire "independent contractors" Americlean Depo. 6:4-6.   Americlean said that it hires "200-300" companies to do its cleaning services. Americlean Depo. 6:7-9. Americlean says that it does not have any employees that do cleaning.  Americlean Depo. 6:21-24; 60:21-40.  Americlean had Melba Moriera sign various independent contractor forms.  Americlean Depo. 42-45.[2]  Americlean paid Melba Moreira based not on her hours or her labor, but instead, on a standard rate of $1,400. Americlean Depo. 63:13-16.  Americlean issued t-shirts to Melba Moreira. Americlean Depo. 38-39. Americlean went so far as to argue that Melba Moreira presented Americlean with invoices to pay for her services. Americlean Depo. 87:24-25; 88:1-4.[3]

---

[2] Americlean Depo. 44:4-12:
Q. […] I'm just wondering why you would collect documentation that just essentially has them saying that they are subcontractors over and over again?
A. Because they have knowledge that they are subcontractors.
Q. Okay.
A. So they understand they are subcontractors.
[3] Plaintiffs assert that these invoices are clearly fabricated to create the legal fiction that that Defendants employers are subcontractors; Defendant Melba Moreira does not even speak the English language.  This admission is not reflected in the record.

Defendant Johnson, whose deposition occurred immediately after the Americlean deposition, was far more forthcoming. Defendant James Johnson explained that the business model of using the "independent contractors" rather than employees was developed to save money. Johnson Depo. 12:14-25, 13:1-15 [DE 54-1].

Now, Americlean has dramatically changed its position in the Affidavit of Washington Patrick Arreaga, the same person who was Americlean's Corporate Representative [DE 53-5]. Now, Mr. Arreaga hired Plaintiff Melba Moreira and was her direct supervisor and oversees her at the Ecoplex building that she works at. Arreaga Aff'd §§ 5-6. He asserts that he determined her pay, which building she would work at, and the days and hours she worked. Arreaga Aff'd. §§8-10.

He also asserts that as of February 8, 2016 that to his "knowledge Raul Moreira and Rafaela Leonor Ruiz do not perform services for the benefit of Americlean Building Maintenance, Inc. at the Ecoplex building." Arreaga Aff'd §§ 13. While Washington Patrick Arreaga now claims that he is unaware of any work done by Defendant Raul Moreira and Rafaela Leonor Ruiz – building records reflect all three of them (and only them) coming in to the Ecoplex building every day at the same time and leaving every day at the same time. *See* attached Ecoplex records excerpt. It should also be noted that this affidavit was signed on February 8, 2016, and this matter brought by Plaintiffs for their overtime has been pending since July 10, 2015.

This is not merely a question of labels articulated by Americlean's corporate representative, technical semantics, or the propensity for Americlean's representative Washington Patrick Arreaga to tell the truth under oath. The factual background sworn to

by Americlean, through Washington Patrick Arreaga, is entirely different than the facts sworn to by Patrick Arreaga in his affidavit.  If we swear under oath that Defendant Melba Moreira is just part of a company that was hired to do work for Defendants and she brought along her employees, Raul Moreira and Rafaela Leonor Ruiz, that is materially and significantly contrary to the position that Melba Moreira is an employee and she just came into work every day with two people who just hung out with her in a secure building.  These can be hypothetical legal alternatives to each other, but we cannot hold sworn facts in the alternative.

This represents clear inconsistencies that evidence a sham. *See* Van T. Junkins & Assocs., Inc. v, U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir.1984);  Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530 (11th Cir.1987).  "[W]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact ... [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Tippens v. Celotex Corp., 805 F.2d 949, 954 (11th Cir. 1986).

Plaintiffs assert that this is beyond a mere inconsistency that creates issues of credibility, and instead, that these positions and factual argument are so contrary to each other as to be shams.  This Court should not consider the evidentiary support from Americlean that is so contradictory.  Without the support provided by Americlean's testimony, there can be no genuine issue of material fact that all three Plaintiffs were employed by Defendants.

## III.   CONCLUSION

Plaintiffs assert that their Motion for Partial Summary Judgment made a *prima facie* argument in summary judgment to support that Plaintiffs were all employees of Defendants. Defendants seek to make genuine issues of material fact – but these issues should be ignored as being sham.   Even if this Court is not convinced with this argument and finds that Defendants successfully showed a genuine issue of material fact as to the issue of whether Defendant Raul Moreira and Rafaela Leonor Ruiz were employers, then at this Court should at least enter Summary Judgment in favor of Plaintiff Melba Moreira being an employee, in light of Defendants' admission, and that the defense of unclean hands is inappropriate, because it was not addressed in Defendants' opposition.

*Wherefore,* Plaintiffs request that this Court grant Plaintiff's Motion for Summary Judgment [DE 51].

Respectfully Submitted,

J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Elizabeth.Hueber.Esq@gmail.com

By:__/s/ Elizabeth Hueber_____
Elizabeth Olivia Hueber
Florida Bar Number: 0073061

6

CERTIFICATE OF SERVICE

I certify that this was delivered to the following recipients via the Court's ECF system this 12th day of February 2016.


By:__/s/ Elizabeth Hueber_____
Elizabeth Olivia Hueber
Florida Bar Number: 0073061


**SERVICE LIST**

VIA cm/ECF
Adi Amit
Fla. Bar No. 35257
*Counsel for Defendant*
Lubell & Rosen, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdale, FL 33301-2068
Tel: (954) 880-9500
Fax (954) 755-2993
Email: adi@lubellrosen.com