UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-cv-22606-JJO

MELBA MOREIRA, RAUL MOREIRA,   )
RAFAELA LEONOR RUIZ, *and all others*   )
*similarly situated under 29 U.S.C. § 216(b)*,   )
                                )
        Plaintiff,              )
    vs.                         )
                                )
AMERICLEAN BUILDING             )
MAINTENANCE, INC., JAMES S.     )
JOHNSON,                        )
                                )
        Defendant.              )
_____ )

## MOTION TO ENFORCE PRETRIAL STIPULATIONS OR IN THE ALTERNATIVE STAY TRIAL

Plaintiffs, by and through Undersigned Counsel, hereby move This Honorable Court to limit the issues of fact and law to be decided at trail to those raised in the pre-trial stipulations, and in the alternative to stay the trial to serve notice letters for the Florida Minimum Wage Count of The Second Amended Complaint, and in support thereof state as follows;

This Court has held that the issuance of Florida Minimum Wage Pre-Suit Demand Letters is necessary to avoid the dismissal of a Florida Minimum Wage Count at the pleading stage. However, Plaintiffs argue that the alleged lack of service of such letters is irrelevant, given the fact that the pre-trial stipulations do not identify said alleged lack of service as an issue of fact or law to be determined by The Court or through trial. Hence, Defendants should be barred from arguing that the Florida Minimum Wage Claim was not properly brought under Florida or Federal Law, and rather need to argue the merits of the claim.

1

In the alternative, if The Court will not grant said relief, given the fact that the issue was not previously litigated during the dispositive motion phase, nor listed as an issue in the pre-trial stipulations, that the proper remedy would be a fifteen day stay in the start of the trial to issue said letters. Since Defendants were on notice of the claim, and did receive the letters via counsel in court at the first Calendar Call more than the requisite fifteen days in advance of trial, the remedy that best preserves justice is a stay of the trail date so the claim may be decided on the merits.

**Memorandum of Law**

The Eleventh Circuit consistently holds that parties are bound by their pre-trial stipulations and said stipulations frame the issues for trial. *See, AIG Centennial Inc. Co. v. Oneill*, 782 F.3d 1296 (11th Cir. 2015) & *G.I.C. Corp., Inc. v. U.S.*, 121 F.3d 1447 (11th Cir. 1997). Specifically, the Eleventh Circuit has held that if an issue is not raised in the pre-trial stipulation as an issue of fact or law, it is inappropriate for the issue to be addressed at trial. *See, Jaffe v. Bank of America, N.A.*, 395 Fed.Appx. 583 (11th Cir., 2010), *See Also, Pacific Indem. Co. v. Broward Cnty.*, 465 F.2d 99 (5th Cir., 1972). As Judge King has held, parties are bound by their pretrial stipulations, and that which is not claimed at issue is waived. *See, Finnerty v. Stiefel Laboratories, Inc.,* 2011 WL 5842779 (S.D. Fla. Nov. 21, 2011).

Under Local Rule 16.1(g), the pretrial stipulation "…will control the course of the trial..." The pretrial stipulations in no way state that there is an issue as to whether the requisites for bringing Count Two of the Amended Complaint were met, and therefore same is not an appropriate issue for trial. Furthermore, Judge Spellman of the Southern District held that notice of a claim in the pretrial stipulations, does meet pretrial notice requirements, and pretrial stipulations supersede pleadings. *See, DPC General Contractors, Inc. v. Cobo Co., Inc.*, 715 F.Supp 367 (S.D. Fla. 1989).

Defendants fail to list the pretrial notice requirement of the Florida Minimum Wage Claim as an issue that is undisposed of and requires court attention, nor an issue of fact or law, as required by Local Rule 16.1(e)(4), (6) & (8). Importantly, the sufficiency of the Florida Minimum Wage Count was not listed in as an issue of law to be determined by The Court, as required by Local Rule 16.1(e)(8). Under issues of law on which there is agreement, in the pretrial stipulations as required by Local Rule 16.1(e)(7), the fact that The Florida Minimum Wage Act requires a minimum wage set by the State of Florida, is an agreed issue of law.

The final Exhibit List that was produced to This Court by Plaintiff, in accordance with This Court's Order, notes the Defendant's objections to the Florida Minimum Wage Letters themselves, as exhibits, on the basis of the scheduling order, an alleged discovery violation and hearsay. However, there is no substantive objection as to whether they were served, or if the prerequisites were met for the bringing of a Florida Minimum Wage Claim, anywhere in the stipulations. Hence, such is an inappropriate issue of fact and law for trial.

**WHEREFORE;** Plaintiffs, by and through Undersigned Counsel, hereby move This Honorable Court to limit the issues of fact and law to be decided at trail to those raised in the pre-trial stipulations, and in the alternative to stay the trial to serve notice letters for the Florida Minimum Wage Count of the Second Amended Complaint.

> Respectfully Submitted,
>
> J.H. Zidell, P.A.
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> *Attorneys for Plaintiff*
>
> By: /s/ Joshua H. Sheskin

>Joshua H. Sheskin, Esq.
>Jsheskin.jhzidellpa@gmail.com
>Florida Bar Number: 93028

**CERTIFICATE OF CONFERRAL**

Undersigned Counsel hereby certifies that conferral on the relief requested in this motion took place and Defense Counsel is opposed to the relief sought in this motion.

>s/ Joshua H. Sheskin
>Jsheskin.jhzidellpa@gmail.com
>Florida Bar Number: 93028

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on April 27, 2016.

>J.H. Zidell, P.A.
>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>*Attorneys for Plaintiff*
>
>By: /s/ Joshua Sheskin
>Joshua H. Sheskin, Esq.
>Jsheskin.jhzidellpa@gmail.com
>Florida Bar Number: 93028